FILED IN
14th COURT OF APPEALS
HOUSTON, TX
January 16, 2014
CHRISTOPHER A. PRINE,
CLERK

CASE NO. 14-15-00054-CV _____

_____

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

_____

IN RE CONNIE V. HARRISON

_____

**RELATOR'S PETITION FOR WRIT OF MANDAMUS**

_____

The Medina Law Firm
David M. Medina
State Bar No. 00000088
5300 Memorial Drive, Suite 890
Houston, Texas 77007
Telephone: (713) 653-3147
Telecopier: (713) 862-1002
davidmedina@justicedavidmedina.com

ATTORNEY FOR THE RELATOR
CONNIE V. HARRISON

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. Pro. 52.2, the Relator identifies the following persons as being parties to, attorneys in, or otherwise involved with this case:

Relator:
Connie V. Harrison
5773 Woodway, Suite 156
Houston, Texas 77057
Telephone: (713) 444-7873
Email:  connie.harrison84@gmail.com

Attorney for Relator:
David M. Medina
The Medina Law Firm
State Bar No. 00000088
5300 Memorial Drive, Suite 890
Houston, Texas 77007
Telephone: (713) 653-3147
Telecopier: (713) 862-1002
davidmedina@justicedavidmedina.com

Respondent:
Honorable Judge Alicia K. Franklin
Presiding Judge, 311th District Court
Harris County Civil Courthouse
201 Caroline, 8th Floor
Houston, Texas 77002
Telephone: (713) 274-4580

Real Parties in Interest:
Clifford Harrison
J.E.L.H., minor child
V.M.H., minor child

Attorneys for Clifford Harrison:
Patricia A. Wicoff
State Bar No. 21422500
Amy Harris
SBOT No. 24041057
Schlanger, Silver, Barg & Paine, L.L.P.
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone: (713) 735-8514
Facsimile: (713) 351-4514

Amicus Attorney for the Minor Children:
Heather Hughes
SBOT No. 00796794
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone: (713) 463-5505
Amicus Attorney for the Minor Children

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD FOR ISSUANCE OF WRIT OF MANDAMUS. . . . . . . . . . . . . . . 2

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A.    Clifford Filed Two Motions for Enforcement. . . . . . . . . . . . . . . . . . . . . 4

      1.    First Motion for Enforcement. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      2.    Second Motion for Enforcement. . . . . . . . . . . . . . . . . . . . . . . . . . 6

B.    Hearing on Clifford's Motions for Enforcement. . . . . . . . . . . . . . . . . . . 7

      1.    Connie's Counsel Submitted an Oral Motion to Dismiss
            Clifford's Motions for Enforcement for Insufficient Pleading. . . . . . 8

      2.    The Court Found the Motions for Enforcement Deficient But
            Denied the Motion to Dismiss and Gave Clifford Another Bite
            at the Apple. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      3.    Clifford Amended his Motions for Enforcement. . . . . . . . . . . . . . . 10

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ARGUMENTS AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

FIRST ISSUE

Judge Franklin abused her discretion in denying Relator's
motion to dismiss.

A.     The Statutory Requirements for the Contents of a Motion for Enforcement
       are Mandatory and Specific. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

B.     Clifford Failed to Follow the Statutory Requirements. . . . . . . . . . . . . . . 13

SECOND ISSUE

Judge Franklin acted beyond the court's authority in *sua sponte*
changing Relator's request for dismissal into special exceptions
allowing Clifford to replead his Motions for Enforcement.

A.     Connie Was Entitled to Move for Dismissal of Clifford's Motions for
       Enforcement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B.     The Court was Without Authority to *Sua Sponte* Specially Except to
       Clifford's Motions for Enforcement and Allow Him to Replead. . . . . . . . 15

       1.     An Order Entered Without the Court's Authority is Void. . . . . . . . . 15

       2.     The Court Did Not Have the Power or Authority to Transform
              Connie's Motion to Dismiss into Special Exceptions. . . . . . . . . . . . 16

       3.     Connie Has No Other Remedy at Law. . . . . . . . . . . . . . . . . . . . . . . . 17

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

APPENDIX

# INDEX OF AUTHORITIES

TEXAS CASES

SUPREME COURT

*Cire v. Cummings*,
  134 S.W.3d 835, 838-39 (Tex. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*City of San Benito v. Rio Grande Valley Gas Co.*,
  109 S.W.3d 750 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Eichelberger v. Eichelberger*,
  582 S.W.2d 395 (Tex. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Ex parte Edgerly*,
  441 S.W.2d 514 (Tex. 1969) (orig. proceeding). . . . . . . . . . . . . . . . . . . . 13

*In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*,
  290 S.W.3d 204 (Tex. 2009) (orig. proceeding). . . . . . . . . . . . . . . . . . . . 2

*In re CSX Corp.*,
124 S.W.3d 149 (Tex. 2003) (orig. proceeding). . . . . . . . . . . . . . . . . . . . . . 3

*In re Derzapf*,
  219 S.W.3d 327 (Tex. 2007) (orig. proceeding). . . . . . . . . . . . . . . . . . . . 3

*In re First Meritbank, N.A.*,
  52 S.W.3d 749 (Tex. 2001) (orig. proceeding). . . . . . . . . . . . . . . . . . . . 2

*In re Prudential Ins. Co. of Am.*,
  148 S.W.3d 124 (Tex. 2004) (orig. proceeding). . . . . . . . . . . . . . . . . . . 2, 3

*In re Van Waters & Rogers, Inc.*,
  145 S.W.3d 203 (Tex. 2004) (orig. proceeding). . . . . . . . . . . . . . . . . . . . 3

*Johnson v. Fourth Court of Appeals*,
   700 S.W.2d 916 (Tex. 1985) (orig. proceeding)........................ 2

*Liberty Nat'l Fire Ins. Co. v. Akin*,
   927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding). ................. 3

*Rivercenter Associates v. Rivera*,
   858 S.W.2d 366 (Tex. 1993) (orig. proceeding)....................... 2

*State v. Morales*,
   869 S.W.2d 941 (Tex. 1994)........................................ 17

*Travelers Indem. Co. of Conn. v. Mayfield*,
   923 S.W.2d 590 (Tex. 1996) (orig. proceeding)...................... 16

*Urbish v. 127th Judicial Dist. Court*,
   708 S.W.2d 429 (Tex. 1986)........................................ 16


COURTS OF APPEAL

*In re Barlow*,
   899 S.W.2d 791 (Tex. App. — Houston [14th Dist.] 1995,
   orig. proceeding)........................................... 14, 15, 16

*In re Mann*,
   162 S.W.3d 429 (Tex. App. — Fort Worth 2005, orig. proceeding)...... 15

*In re Maxwell*,
   970 S.W.2d 70 (Tex. App. — Houston [14th Dist.] 1998, no writ)....... 16

*In re Rogers*,
   43 S.W.3d 20 (Tex. App. — Amarillo 2001, orig. proceeding).......... 3

*Faherty v. Knize*,
   764 S.W.2d 922 (Tex. App. — Waco 1989, no writ) ................... 16

TEXAS CONSTITUTION AND STATUTES

Tex. Const. art. V, § 6. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. Gov't Code § 22.221(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. Fam. Code § 157.001(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex. Fam. Code § 157.002(a), (c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Tex. Fam. Code § 157.061(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tex. Fam. Code § 157.062(a), (c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Tex. Fam. Code § 157.064(a), (b). . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

RULES OF PROCEDURE

Tex. R. Civ. P. 90. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tex. R. Civ. P. 91. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Tex. R. App. Pro. 9.4(i)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Tex. R. App. Pro. 9.5(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Tex. R. App. Pro. 52.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TO THE HONORABLE COURT OF APPEALS:

Connie V. Harrison, Relator (hereinafter "Relator" or "Connie"), hereby makes and files this, her Petition for Writ of Mandamus, complaining of the order of the Honorable Judge Alicia K. Franklin, presiding judge of the 311th Judicial District Court of Harris County, Texas (hereinafter "Respondent" or "Judge Franklin"), and would respectfully show unto the Honorable Court as follows:

## STATEMENT OF THE CASE

| | |
|---|---|
| Nature of the Underlying Case: | The underlying suit for divorce and custody of the minor children was filed in 2006. The suit was tried to a jury and a decree was entered in June 2010. Connie appealed the decree to the Fourteenth Court of Appeals, and the decree was reversed and remanded to the trial court with the exception of the affirmation of the divorce. The Order of Dismissal at issue in this proceeding was entered on December 15, 2014 ("Order"). R. at 1; App. at 1. |
| Trial Court: | 311th Judicial District Court of Harris County, Texas, Judge Franklin presiding. |
| Disposition: | Real Party in Interest, Clifford Harrison (hereinafter "Clifford") was granted leave to replead his Motions for Enforcement against Connie to conform to Chapter 157 of the Texas Family Code. |

## STATEMENT OF JURISDICTION

The Honorable Court has jurisdiction to issue a writ of mandamus pursuant to Tex. Const. art. V, § 6, and Tex. Gov't Code § 22.221(b)(1).

1

**STANDARD FOR ISSUANCE OF WRIT OF MANDAMUS**

A.    Mandamus Generally

"Mandamus is an extraordinary remedy, available only in limited circumstances." *In re First Meritbank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (orig. proceeding); *accord, In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209 (Tex. 2009) (orig. proceeding). As such, mandamus does not issue as a matter of right. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding); *Rivercenter Associates v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). Instead, a writ of mandamus will issue only if a trial court: (1a) violates a duty imposed by law; or (1b) clearly abuses its discretion; and (2) there is no other adequate legal remedy. *Columbia Med. Ctr.*, 290 S.W.3d at 207; *First Meritbank*, 52 S.W.3d at 753.

B.    Abuse of Discretion Defined

In order to show mandamus is proper, the Realtor must prove the trial court abused its discretion. A trial court abuses its discretion only if its decision is so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). This requires the Connie to do more than show that the court below *could* have reached a different conclusion; instead, they must prove it "acted without

2

reference to any guiding rules or principles," *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004), and its decision is arbitrary and unreasonable. *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003). The burden of showing an abuse of discretion occurred is a heavy one, *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding), requiring the Realtor to prove the trial court could have only reached one decision, but failed to do so. *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding).

C.      Adequacy of Remedy at Law

In addition to proving there is an abuse of discretion, the Realtor must also prove they have no remedy at law. Generally, this requires showing the only remedy available to the Connie is mandamus. *In re Rogers*, 43 S.W.3d 20, 24 (Tex. App. — Amarillo 2001, orig. proceeding). In deciding whether this is the case, the Court must balance the benefits and detriments of mandamus review, *In re Derzapf*, 219 S.W.3d 327, 334 (Tex. 2007) (orig. proceeding); *Prudential Ins. Co.*, 148 S.W.3d at 136, and if the benefits are found to outweigh the detriments, go further and find that refusing mandamus will either cause a party to permanently lose valuable rights or preclude it from presenting its claims. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210-11 (Tex. 2004) (orig. proceeding).

## ISSUES PRESENTED

### FIRST ISSUE

Judge Franklin abused her discretion in denying Relator's motion to dismiss.

### SECOND ISSUE

Judge Franklin acted beyond the court's authority in *sua sponte* changing Relator's request for dismissal into special exceptions allowing Clifford to replead his Motions for Enforcement.

## STATEMENT OF FACTS

This proceeding arises because of an Order of Dismissal entered by Judge Franklin in the underlying suit affecting the parent child relationship denying Connie's motion to dismiss two Motions for Enforcement filed by Clifford and Judge Franklin's *sua sponte* interpretation of the motion to dismiss as special exceptions in order to allow Clifford to replead his Motions for Enforcement. R. tab 1; App. tab 1.

A. Clifford Filed Two Motions for Enforcement

1. First Motion for Enforcement

On September 2, 2014, Clifford filed a Motion for Enforcement of Possession and Access and Order to Appear (hereinafter, "First Motion"). R. tab 3. In the First Motion, Clifford pleaded Connie's non-compliance with a previous permanent

4

injunction entered by the trial court as follows:

> 9. ***Violations***
>
> **Violation No. 1**: On or about July 28, 2014 **CONNIE VASQUEZ HARRISON** failed to comply with terms of this order by failing to adhere to the permanent injunctions relating to discussing the divorce litigation, or issues surrounding the litigation with children, see letter from J.E.H. attached hereto Exhibit C and is fully incorporated herein for all purposes;
>
> **Violation No. 2**: On or about August 15, 2014, **CLIFFORD LAYNE HARRISON** was denied access to the minor children, J.E.H. and V.M.H., for the weekend period of possession;
>
> **Violation No. 3**: On or about August 27, 2014, **CLIFFORD LAYNE HARRISON** was denied access to the minor children, J.E.H. and V.M.H. at the time the children were dismissed from school for the Thursday overnight possession period and weekend extended by the holiday;
>
> Relating to the terms and provisions of the Additional Temporary Orders
>
> **Violation No. 4:** **CONNIE VASQUEZ HARRISON** has intentionally and willfully failed to adhere to the court's order pertaining to the children's enrollment in school. **CONNIE VASQUEZ HARRISON** has facilitated the enrollment of J.E.H. in a school other than Grady Middle School.

R. tab 3. As for relief, Clifford plead the following:

> 10. Movant requests that Respondent be held in contempt, jailed, and fined for the violations alleged above.
>
> 11. Movant believes, based on the Respondent's conduct, the repeated and ongoing history of Respondent's conduct, and the history of the willful failure to comply with Court orders, that Respondent will

continue to fail to comply with the orders of the Court. Therefore, Movant requests that Respondent be held in contempt, jailed, and fined for each failure to comply with the order of the Court from the date of this filing to the date of the hearing on this motion.

12. Movant requests that Respondent be confined in a county jail for ninety (90) days.

R. tab 3.

2.    Second Motion for Enforcement

On October 13, 2014, Clifford filed a Motion for Enforcement and Order to Appear (hereinafter, "Second Motion"). R. tab 4. In the Second Motion, Clifford pleaded Connie's non-compliance with a previous permanent injunction entered by the trial court as follows:

7.    ***Violations***

Violation No. 1: On September 15, 2014 **CONNIE VASQUEZ HARRISON** intentionally and knowingly appeared at the boy scout meeting where J.H. was in attendance and spoke with J.H. and V.H. including taking V.H. into the women's restroom to have a private conversation with her;

Violation No. 2: On September 22, 2014,**CONNIE VASQUEZ HARRISON** intentionally and knowingly appeared at the boy scout meeting where J.H. was in attendance and spoke with J.H. and gave J.H. a letter to give to V.H;

Violation No. 3: On or about October 8, 2014,2014, **CONNIE VASQUEZ HARRISON** communicated with J.H. in writing;

6

**Violation No. 4:** **On or about October 10, 2014, CONNIE VASQUEZ HARRISON** communicated with V.H. in writing;

In addition to the above violations, **CONNIE VASQUEZ HARRISON** has repeatedly contacted the children by phone and text.

R. tab 4. As for relief, Clifford plead the following:

8. Movant requests that Respondent be held in contempt, jailed, and fined for the violations alleged above.

9. Movant believes, based on the Respondent's conduct, the repeated and ongoing history of Respondent's conduct, and the history of the willful failure to comply with Court orders, that Respondent will continue to fail to comply with the orders of the Court. Therefore, Movant requests that Respondent be held in contempt, jailed, and fined for each failure to comply with the order of the Court from the date of this filing to the date of the hearing on this motion.

10. Movant requests that Respondent be confined in a county jail for ninety (120) days.

R. tab 4.

B.     Hearing on Clifford's Motions for Enforcement

On December 4, 2014, the hearing was held on, *inter alia*, Clifford's two Motions for Enforcement. R. tab 2. Clifford and his attorney, Patricia A. Wicoff ("Wicoff") appeared and Connie and her attorney at the time, Sara Razavi Zand ("Zand") appeared. *Id*. Also, the amicus attorney for the minor children, Heather Hughes was in attendance. *Id*.

7

After both Clifford and Connie were sworn in as witnesses to testify at the hearing, R. tab 2, 15:1-7, 16:13-24, Wicoff requested the court begin with Clifford's Motions for Enforcement. R. tab 2, 17:2-23.

1.      Connie's Counsel Submitted an Oral Motion to Dismiss Clifford's Motions for Enforcement for Insufficient Pleading

At such time, Zand lodged an oral motion to dismiss for procedural reasons she requested be heard prior to the merits of the Motions. R. tab 2, 18:1-7. Then, Zand proceeded to move through each of the violations alleged in the First Motion and explain how Clifford's pleading was insufficiently specific pursuant to Section 157.007(a)(2) and (c) of the Texas Family Code. R. tab 2, 18:13-21:7. Clifford had failed to plead specifically in each instance how Connie had violated the court's order as required by statute.[1] Further, Zand argued that Sections 10-12 of the First Motion regarding Clifford's requested relief were inadequate. R. tab 2, 21:8-7. The Sections fail to state whether Clifford was seeking civil or criminal contempt, the amount of the fine sought, whether the jail time requested was to be concurrent or consecutive and whether Connie had the right to invoke a jury to hear the Motion. R. tab 2,

---

[1]With regard to Violation No. 3, Clifford set forth the wrong date. August 27, 2014 was a Wednesday and not a Thursday, and thus, was not a proper period of possession for Clifford under the prior order. R. tab 2, 20:9-18. In response to this allegation, Clifford withdrew his request for enforcement with regard to Violation No. 3. R. tab 2, 28:6-9.

8

21:24-7. Next, Zand presented the same insufficiency arguments with regard to the violations and relief sought in the Second Motion.[2] R. tab 2, 22:8-25:14. At the conclusion of her argument, Zand asked that her oral motion to dismiss be granted as to both the First and Second Motions. R. tab 2, 26:1-2. In response to Zand's argument, Wicoff argued that the Motions were sufficiently plead. R. tab 2, 26:6-31:9.

> 2. The Court Found the Motions for Enforcement Deficient But Denied the Motion to Dismiss and Gave Clifford Another Bite at the Apple

After having heard both counsel's argument regarding Connie's oral motion to dismiss, Judge Franklin denied Connie's motion to dismiss despite finding Clifford's pleadings deficient. R. tab 2, 40:1-3, 42:8-11. The Court *sua sponte* decided to "perceive" Connie's oral motion to dismiss as a filing of special exceptions. R. tab 2, 40:4-7. Then, Judge Franklin went on to sustain the majority of Connie's "perceived" special exceptions because Clifford's pleadings were insufficient. R. tab 2, 40:15-44:3, 42:12-15. Judge Franklin ordered Clifford to replead violations 1, 2, and 3 for the First Motion.[3] R. tab 2, 40:15-41:9. With

---

[2]With regard to the requested jail time in the Second Motion, Clifford confusingly sought both 90 days and 120 days of jail time. R. tab 2, 20:9-18. In response, Clifford waived the request for 120 days and requested 90 days. R. tab 2, 31:5-9.

[3]Judge Franklin even allows Clifford to replead violation no. 3 despite Wicoff's clear testimony at the hearing that the violation was being withdrawn due to the failure to include the correct date. R. tab 2, 28:6-9, 41:3-4; Order of Dismissal, R. tab 1; App. tab

regard to the Second Motion, Judge Franklin ordered Clifford to replead violations 1, 2, 3, and 4. R. tab 2, 42:16-43:15. Judge Franklin also ordered Clifford to replead the relief in both Motions. R. tab 2, 41:10-22, 43:16-44:3.

### 3. Clifford Amended his Motions for Enforcement

On December 8, 2014, Clifford filed a First Amended Motion for Enforcement of Possession and Access and Order to Appear and a First Amended Motion for Enforcement and Order to Appear repleading the alleged violations and requested relief. R. tab 5; R. tab 6. On December 15, 2014, the court entered an erroneously entitled "Order of Dismissal," formally denying Connie's oral motion to dismiss and sustaining and overruling Connie's perceived special exceptions in conformity with the court's ruling at the hearing. R. tab 1, App. at 1. On December 22, 2014, the court entered an order granting the withdrawal of Zand as Connie's counsel and she is now pro se in the underlying matter. The new hearing on Clifford's First Amended Motions for Enforcement is set for January 16, 2015. Accordingly, Connie files this, her Petition for a Writ of Mandamus to ask the Court of Appeals to order Judge Franklin to vacate her Order of Dismissal and dismiss Clifford's Motions for Enforcement prior to the hearing on the Motions for Enforcement.

---

1.

## SUMMARY OF THE ARGUMENT

Connie requests the Court issue a writ of mandamus to compel the trial court to vacate its Order of Dismissal and dismiss Clifford's two Motions for Enforcement. Connie appeared at the first hearing on the two Motions for Enforcement and properly requested the trial court dismiss Clifford's Motions for Enforcement based on his failure to comply with provisions of the Texas Family Code. Despite having determined that the Motions for Enforcement were in fact deficient, the trial court denied Connie's motion to dismiss and *sua sponte* changed her complaints into special exceptions. By changing Connie's challenge to Clifford's Motions into special exceptions, the trial court gave Clifford the opportunity to replead his Motions without having to dismiss them. This amounted to an unfair and unjust second bite at the apple. As shown below, it was an abuse of discretion for the trial court to deny Connie's motion to dismiss. Further, the trial court was without express or implied authority to enter special exceptions and allow Clifford to amend his Motions for Enforcement.

11

## ARGUMENTS AND AUTHORITIES

### FIRST ISSUE PRESENTED
(RESTATED)

Judge Franklin abused her discretion in denying Relator's motion to dismiss.

A.  The Statutory Requirements for the Contents of a Motion for <u>Enforcement are Mandatory and Specific</u>

A motion for enforcement to enforce a final order of conservatorship, child support, possession of or access to a child or other provisions of a final order are governed by Chapter 157 of the Texas Family Code. Tex. Fam. Code § 157.001(a). A motion to enforce must give the respondent, in ordinary and concise language, notice of the provisions of the final order, decree or judgment sought to be enforced, the manner of the noncompliance, and the relief sought by the movant. *Id*. at 157.002(a); Appx. tab 2. Further, the motion for enforcement of the terms of a conservatorship or possession of or access to a child must include the date, place, and if applicable the time of each occasion of the respondent's failure to comply with the order. *Id.* at 157.002(c); Appx. tab 2. Due process of law demands that before a court may punish for a contempt, the accused must have full and complete notification of the subject matter, and show cause order or other means of notification must state

12

when, how, and by what means the defendant has been guilty of the alleged contempt.

*Ex parte Edgerly*, 441 S.W.2d 514, 516 (Tex. 1969) (orig. proceeding).

B.      Clifford Failed to Follow the Statutory Requirements

In both of his Motions for Enforcement, Clifford failed to specifically provide Connie with the manner of her alleged noncompliance under each violation alleged. R. tab 3;  R. tab 4.  Further, Clifford failed to provide Connie with the necessary specificity required in requesting relief in both Motions for Enforcement.  R. tab 3; R. tab 4.  By ordering Clifford to replead all but one of his alleged violations and all of his requests for relief, Judge Franklin made a judicial determination that the violations alleged in the Motions for Enforcement were deficient. R. tab 1: Appx. tab 1.  Thus, it is clear from the documents and the Judge Franklin's own findings in the Order of Dismissal that Clifford's Motions for Enforcement did not comply with the express requirements set forth in Section 157.002(a) and (c) of the Texas Family Code.  As a result, it was a clear abuse of discretion for Judge Franklin to deny Connie's motion for dismissal for failure to comply with Section 157.002 of the Texas Family Code.

Judge Franklin acted beyond the court's authority in *sua sponte* changing Relator's request for dismissal into special exceptions allowing Clifford to replead his Motions for Enforcement.

A.      Connie Was Entitled to Move for Dismissal of Clifford's Motions for Enforcement

There is no question that the statutory requirements for the contents of a motion for enforcement are mandatory. *In re Barlow*, 899 S.W.2d 791, 796(Tex. App. — Houston [14th Dist.] 1995, orig. proceeding).[4] Further, there is no requirement under Chapter 157 that Connie first file special exceptions before moving to dismiss Clifford's Motions for Enforcement. Procedurally, a movant must set the motion for enforcement for hearing if contempt is sought as part of the relief and notice must be personally served on the respondent. Tex. Fam. Code §§ 157.061(a), 157.062(a),(c). Further and importantly, *if* a respondent specially excepts or moves to strike the motion for enforcement, the court must rule on the exception or the motion to strike before it hears the motion for enforcement. *Id*. at § 157.064(a) (emphasis added). *If* the court sustains the special exceptions, the court shall give the movant an

_____

[4]The Fourteenth Court of Appeals interpreted Section 14.311(f) of the Texas Family Code but Section 14.311(f) was the predecessor statute to Section 157.064(a) and no changes were made when Section 14.311(f) was recodifed into Section 157.064(a) of the Texas Family Code.

opportunity to replead and continue the hearing with no requirement of additional service. *Id.* at § 157.064(b) (emphasis added).

As the Fourteenth Court of Appeals stated in *Barlow*, "[t]he motion to enforce and motion for contempt either comply with the requirements of the Texas Family Code or they do not." *Barlow*, 899 S.W.2d at 795. Although the Texas Rules of Civil Procedure do require the filing of special exceptions and an opportunity to replead, *see* Tex. R. Civ. P. 90 & 91, the Texas Legislature purposefully used precatory language in Section 157.064. *Barlow*, 899 S.W.2d at 797. If the Texas Legislature had desired to make Section 157.064 mandatory, it could have easily done so. *Id*. The Texas Family Code does not require special exceptions or other objections, but rather it requires that a specific type of notice be given to enforcement and contempt motions. *Id*.; *In re Mann*, 162 S.W.3d 429, 433 (Tex. App. — Fort Worth 2005, orig. proceeding).

B.    The Court was Without Authority to *Sua Sponte* Specially Except to <u>Clifford's Motions for Enforcement and Allow Him to Replead</u>

1.    <u>An Order Entered Without the Court's Authority is Void</u>

Since Connie was not required to file special exceptions and was entitled to the dismissal of Clifford's claims, the trial court was without authority to transform Connie's oral motion to dismiss into special exceptions. An order is void permitting

mandamus to issue if it is beyond the power of the court to enter it. *Barlow*, 899 S.W.2d at 794. An order is void when a court has no power or jurisdiction to render it. *Urbish v. 127th Judicial Dist. Court*, 708 S.W.2d 429, 431 (Tex. 1986); *Faherty v. Knize*, 764 S.W.2d 922, 924 (Tex. App. — Waco 1989, no writ) ("mandamus will issue to nullify an order entered without legal authority"); *In re Maxwell*, 970 S.W.2d 70, 72 (Tex. App. — Houston [14th Dist.] 1998, no writ) (orig. proceeding)(characterizing order issued without authority as an abuse of discretion).

2. The Court Did Not Have the Power or Authority to Transform Connie's Motion to Dismiss into Special Exceptions

In order to justify its actions, the trial court must have had some express or implied authority to act on its own in changing the motion to dismiss into special exceptions. Chapter 157 does not provide the Court with express authority to change Connie's filing. Further, although courts also have inherent powers to act, *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979), the trial court went beyond any recognized inherent power to act in this case.

A court's inherent power is derived from its very existence, and allows it to act in aid of its jurisdiction, administer justice, and preserve its independence and integrity. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996) (orig. proceeding). A Texas court may use its inherent power to: (1) change,

16

set aside or otherwise control its judgments; (2) summon and compel the attendance of witnesses; (3) to sanction and to punish by contempt; (4) to regulate the practice of law; and (5) provide personnel to aid the court in the exercise of its judicial function. *Eichelberger*, 582 S.W.2d at 398-99 n. 1. None of these examples of proper uses of a court's inherent power are present in this case nor analogous to how the court sided with Clifford and allowed a remedy that was not requested. "Equity jurisdiction does not flow merely from the alleged inadequacy of a remedy at law, nor can it originate sole from a court's good intentions to do what seems 'just' or 'right;' the jurisdiction of Texas courts — the very authority to decide cases — is conferred solely by the constitution and the statutes of the state." *State v. Morales*, 869 S.W.2d 941, 942 (Tex. 1994).

3.     Connie Has No Other Remedy at Law

Connie has no other remedy at law but to request this Court issue a writ of mandamus to vacate the trial court's previous order and dismiss Clifford's Motions for Enforcement. Connie was entitled to a dismissal of Clifford's Motions for Enforcement based on the trial court's finding that the Motions for Enforcement were deficient. Instead, the trial court allowed Clifford to replead his Motions with the benefit of hearing Connie's counsel explain how his Motions were deficient. Now,

Connie must defend against First Amended Motions for Enforcement that should have been dismissed.

Further, Connie runs the risk of being incarcerated and fined if she loses at the hearing. A risk she should not have to take since the Motions should have been dismissed. Because the trial court had no authority to disregard Connie's motion to dismiss and insert its own special exceptions in its place to allow for Clifford to amend his Motions for Enforcement, the Order for Dismissal is void and should be withdrawn and a new order should be entered dismissing Clifford's Motions for Enforcement for failing to comply with Section 157.002 of the Texas Family Code.

## PRAYER

Connie prays that the Honorable Court issue a writ of mandamus directing Judge Franklin to vacate her Order of Dismissal and enter an order dismissing the claims brought in Clifford's Motions for Enforcement and First Amended Motions for Enforcement.

Further, Connie prays for any other and further relief, general or special, in law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

The Medina Law Firm


By: /s/ David M. Medina
    David M. Medina
    State Bar No. 00000088
    5300 Memorial Drive, Suite 890
    Houston, Texas 77007
    Telephone: (713) 653-3147
    Telecopier: (713) 862-1002
    davidmedina@justicedavidmedina.com

ATTORNEY FOR RELATOR CONNIE V. HARRISON


## CERTIFICATE OF SERVICE

In accordance with Tex. R. App. Pro. 9.5(a), the undersigned hereby certifies that a true and correct copy of the foregoing Petition for Writ of Mandamus has been sent by e-service and certified mail, return receipt requested, on this the 15th day of January, 2015 to the following parties:

Honorable Judge Alicia K. Franklin
Presiding Judge, 311th District Court
Harris County Civil Courthouse
201 Caroline, 8th Floor
Houston, Texas 77002
Telephone: (713) 274-4580
Respondent

Patricia A. Wicoff
SBOT No. 21422500
Amy Harris
SBOT No. 24041057
Schlanger, Silver, Barg & Paine, L.L.P.
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone: (713) 735-8514
Facsimile: (713) 351-4514
Attorney for Clifford Harrison

Heather Hughes
SBOT No. 00796794
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone: (713) 463-5505
Amicus Attorney for the Minor Children

/s/ David M. Medina

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that, pursuant to Tex. R. App. Pro. 9.4(i)(3), the number of words in this document are  3,895  based upon the word counter of Microsoft Word.

/s/ David M. Medina

CASE NO. _____

---

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

---

IN RE CONNIE V. HARRISON

---

**RELATOR'S APPENDIX**

---

## APPENDIX TABLE OF CONTENTS

Document                                                                 Tab

Order of Dismissal.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. Fam. Code § 157.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Tex. Fam. Code § 157.064. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*THIS DOCUMENT CONTAINS SENSITIVE DATA*

FILED
Chris Daniel
District Clerk

DEC 15 2014

Time:_____

Harris County, Texas

By_____
Deputy

CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | 311TH JUDICIAL DISTRICT |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II. | § | |
| VICTORIA MADELINE HARRISON | § | |
| | § | |
| MINOR CHILDREN | § | HARRIS COUNTY, TEXAS |

## Order of Dismissal

On December 4, 2014 the Court considered Respondent's Motion to Dismiss for Petitioner's Motion for Enforcement of Possession and Access and Order to Appear filed on September 2, 2014 and Petitioner's Motion for Enforcement and Order to Appear filed on October 13, 2014

The Court denies Respondent's Motion to Dismiss. The Court sua sponte considered Respondent's Motion to Dismiss as special exceptions and the special exceptions were granted in part and denied as follows:

Motion for Enforcement of Possession and Access and Order to Appear filed on September 2, 2014:

Violation 1: Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 2: Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 3: While Petitioner passed to amend, Court ordered Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 4: Special Exception denied.

Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014: whether criminal or civil contempt, the amount of fine and whether jail time ran concurrently or consecutively.

Motion for Enforcement and Order to Appear filed on October 13, 2014:

Violation 1: Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 2: Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 3: While Petitioner passed to amend, Court ordered Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 4: While Petitioner withdrew, Court ordered Respondent to replead the following allegation with particularity on or before December 15, 2014.

Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014: whether criminal or civil contempt, the amount of fine and whether jail time ran concurrently or consecutively.

SIGNED on _____Dec 15, 2014_____.

_____
JUDGE PRESIDING



**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 157. Enforcement (Refs & Annos)
          Subchapter A. Pleadings and Defenses (Refs & Annos)
           →→ **§ 157.002. Contents of Motion**

(a) A motion for enforcement must, in ordinary and concise language:

  (1) identify the provision of the order allegedly violated and sought to be enforced;

  (2) state the manner of the respondent's alleged noncompliance;

  (3) state the relief requested by the movant; and

  (4) contain the signature of the movant or the movant's attorney.

(b) A motion for enforcement of child support:

  (1) must include the amount owed as provided in the order, the amount paid, and the amount of arrearages;

  (2) if contempt is requested, must include the portion of the order allegedly violated and, for each date of alleged contempt, the amount due and the amount paid, if any;

  (3) may include as an attachment a copy of a record of child support payments maintained by the Title IV-D registry or a local registry; and

  (4) if the obligor owes arrearages for a child receiving assistance under Part A of Title IV of the federal Social Security Act (42 U.S.C. Section 601 et seq.), may include a request that:

    (A) the obligor pay the arrearages in accordance with a plan approved by the court; or

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

    (B) if the obligor is already subject to a plan and is not incapacitated, the obligor participate in work activities, as defined under 42 U.S.C. Section 607(d), that the court determines appropriate.

(c) A motion for enforcement of the terms and conditions of conservatorship or possession of or access to a child must include the date, place, and, if applicable, the time of each occasion of the respondent's failure to comply with the order.

(d) The movant is not required to plead that the underlying order is enforceable by contempt to obtain other appropriate enforcement remedies.

(e) The movant may allege repeated past violations of the order and that future violations of a similar nature may occur before the date of the hearing.

CREDIT(S)

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995. Amended by Acts 1997, 75th Leg., ch. 911, § 17, eff. Sept. 1, 1997.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



C

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Family Code (Refs & Annos)
    Title 5. The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship (Refs & Annos)
      Subtitle B. Suits Affecting the Parent-Child Relationship
        Chapter 157. Enforcement (Refs & Annos)
          Subchapter B. Procedure
            **§ 157.064. Special Exception**

(a) If a respondent specially excepts to the motion for enforcement or moves to strike, the court shall rule on the exception or the motion to strike before it hears the motion for enforcement.

(b) If an exception is sustained, the court shall give the movant an opportunity to replead and continue the hearing to a designated date and time without the requirement of additional service.

CREDIT(S)

Added by Acts 1995, 74th Leg., ch. 20, § 1, eff. April 20, 1995.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

CASE NO. _____

**\*EXPEDITED RULING REQUESTED\***

_____

**IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS**

_____

**IN RE CONNIE V. HARRISON**

_____

**EMERGENCY MOTION TO STAY PROCEEDINGS**

_____

**From the 311th Judicial District Court of Harris County, Texas
Cause No. 2006-68864**

## EMERGENCY MOTION TO STAY PROCEEDINGS

Appellant Connie Vazquez Harrison, files this Emergency Motion To Stay the Motion For Enforcement hearings scheduled for Friday, January 16, 2015 at 10:30 a.m. and to Stay any related proceedings in this litigation.

Clifford Harrison's attorneys are asking for immediate incarceration of Ms. Harrison.  Connie Harrison respectfully requests this Honorable Court to stay the hearing and any related proceeding until the mandamus is decided.

Respectfully submitted,

\s\ David M. Medina
David M. Medina
The Medina Law Firm
5300 Memorial Drive, Suite 890
Houston, Texas 77007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing instrument was forwarded to all attorneys of record on the 16th

day of January, 2015.

\s\ David

Medina_____

David M. Medina

CASE NO. _____

_____

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

_____

IN RE CONNIE V. HARRISON

_____

**NOTICE OF RELATED FILING**

_____

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW CONNIE V. HARRISON, Relator in the above-referenced cause, who makes and files this, her Notice of Related Filing pursuant to the Local Rule 1.3(a), and in support whereof would respectfully show unto the Honorable Court as follows:

I.

A related appeal was previously filed in the Fourteenth Court of Appeals involving the same parties and the same underlying suit. The caption of the previous appeal was *Harrison v. Harrison*, it was appealed from the 311th Judicial District Civil Court in Harris County, Texas and the trial court cause no. is 2006-68864 and the cause no. for the previous appeal was 14-14-00915-CV.

II.

Pursuant to Local Rule, 1.2(d) Relator requests the intake clerk to assign this original proceeding to the Fourteenth Court of Appeals, the same court of appeals that heard the previous related matter.

Respectfully submitted,

The Medina Law Firm

By: /s/ David M. Medina
    David M. Medina
    State Bar No. 00000088
    5300 Memorial Drive, Suite 890
    Houston, Texas 77007
    Telephone: (713) 653-3147
    Telecopier: (713) 862-1002
    davidmedina@justicedavidmedina.com

ATTORNEY FOR RELATOR CONNIE V. HARRISON

## CERTIFICATE OF SERVICE

In accordance with Tex. R. App. Pro. 9.5(a), the undersigned hereby certifies that a true and correct copy of the foregoing Petition for Writ of Mandamus has been sent by e-service and certified mail, return receipt requested, on this the 15th day of January, 2015 to the following parties:

Honorable Judge Alicia K. Franklin
Presiding Judge, 311th District Court
Harris County Civil Courthouse
201 Caroline, 8th Floor
Houston, Texas 77002

2

Telephone: (713) 274-4580
Respondent

Patricia A. Wicoff
SBOT No. 21422500
Amy Harris
SBOT No. 24041057
Schlanger, Silver, Barg & Paine, L.L.P.
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone: (713) 735-8514
Facsimile: (713) 351-4514
Attorney for Clifford Harrison

Heather Hughes
SBOT No. 00796794
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone: (713) 463-5505
Amicus Attorney for the Minor Children

/s/ David M. Medina
David M. Medina

STATE OF TEXAS      §
                    §
COUNTY OF HARRIS §

## AFFIDAVIT OF CONNIE V. HARRISON

BEFORE ME, the undersigned Notary Public for the State of Texas, personally appeared Connie V. Harrison, known to me to be the person whose name is subscribed to this instrument, and who by me being duly sworn, did depose and state as follows:

1.      My name is Connie V. Harrison. I am over the age of eighteen years, I am of sound mind, and I have never been convicted of a felony or of any crime of moral turpitude. I am in all respects competent to make this affidavit.

2.      I have personal knowledge of all of the facts set forth herein, and they are all true and correct. I am a party to the underlying suit affecting the parent child relationship styled *Harrison v. Harrison*, Cause No., 2006-68864, currently pending in the 311th Judicial District Civil Court in Harris County, Texas and the Relator in this Mandamus proceeding. I have personally reviewed the documents filed in the underlying suit and the documents attached hereto as part of the Record for this mandamus proceeding.

3.      True and correct copies of the following documents filed in the underlying suit are attached hereto as part of the Record:

•Order of Dismissal entered December 15, 2014;

• Hearing on Motions Transcript dated December 4, 2014;

• Motion for Enforcement of Possession and Access and
Order to Appear filed on September 2, 2014;

• Motion for Enforcement and Order to Appear filed on
October 13, 2014;

• First Amended Motion for Enforcement of Possession and Access and Order to Appear filed on December 8, 2014; and

• First Amended Motion for Enforcement and Order to Appear filed December 8, 2014.

FURTHER THE AFFIANT SAITH NAUGHT.

_____
CONNIE V. HARRISON

SUBSCRIBED AND SWORN TO before me by said Connie V. Harrison on this, the 15th day of January, 2015.

_____
NOTARY PUBLIC, STATE OF TEXAS

CECILIA GAITAN
Notary Public, State of Texas
My Commission Expires
December 22, 2017

2

CASE NO. _____

---

IN THE COURT OF APPEALS
FOR THE FOURTEENTH DISTRICT OF TEXAS

---

IN RE CONNIE V. HARRISON

---

**RELATOR'S RECORD**

---

# RECORD TABLE OF CONTENTS

Document                                                                                      Tab

Order of Dismissal.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Hearing on Motions Transcript . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Motion for Enforcement of Possession and Access and Order to Appear. . . . . . . 3

Motion for Enforcement and Order to Appear. . . . . . . . . . . . . . . . . . . . . . . . . . 4

First Amended Motion for Enforcement of Possession and Access and Order to
Appear. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

First Amended Motion for Enforcement and Order to Appear.. . . . . . . . . . . . . . 6

*THIS DOCUMENT CONTAINS SENSITIVE DATA*

**FILED**
Chris Daniel
District Clerk

DEC 15 2014

Time:_____ 10.3

Harris County, Texas

By_____
Deputy

CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | 311TH JUDICIAL DISTRICT |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II. | § | |
| VICTORIA MADELINE HARRISON | § | |
| | § | |
| MINOR CHILDREN | § | HARRIS COUNTY, TEXAS |

## Order of Dismissal

On December 4, 2014 the Court considered Respondent's Motion to Dismiss for Petitioner's Motion for Enforcement of Possession and Access and Order to Appear filed on September 2, 2014 and Petitioner's Motion for Enforcement and Order to Appear filed on October 13, 2014

The Court denies Respondent's Motion to Dismiss. The Court sua sponte considered Respondent's Motion to Dismiss as special exceptions and the special exceptions were granted in part and denied as follows:

Motion for Enforcement of Possession and Access and Order to Appear filed on September 2, 2014:

Violation 1: Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 2: Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 3: While Petitioner passed to amend, Court ordered Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 4: Special Exception denied.

Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014: whether criminal or civil contempt, the amount of fine and whether jail time ran concurrently or consecutively.

TAB 1

Motion for Enforcement and Order to Appear filed on October 13, 2014:

Violation 1: Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 2: Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 3: While Petitioner passed to amend, Court ordered Special Exception sustained. Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014.

Violation 4: While Petitioner withdrew, Court ordered Respondent to replead the following allegation with particularity on or before December 15, 2014.

Respondent is ORDERED to replead the following allegation with particularity on or before December 15, 2014: whether criminal or civil contempt, the amount of fine and whether jail time ran concurrently or consecutively.

SIGNED on _____Dec 15, 2014_____.

_____
JUDGE PRESIDING

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUME
TRIAL COURT CAUSE NO. 2006-68864

IN THE INTEREST OF            ) IN THE DISTRICT COURT
                              )
J.E.L.H., II                  )
AND                           ) HARRIS COUNTY, TEXAS
V.M.H.,                       )
                              )
MINOR CHILDREN                ) 311TH JUDICIAL DISTRICT

_____

**HEARING ON MOTIONS**

_____

On the 4th day of December, 2014, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable Alicia K. Franklin, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computerized stenotype machine.

TAB 2

**APPEARANCES**

PATRICIA A. WICOFF
SBOT NO. 21422500
AMY HARRIS
SBOT NO. 24041057
Attorneys-at-Law
SCHLANGER, SILVER, BARG & PAINE, L.L.P.
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:  (713) 785-1700
Counsel for Clifford Harrison


SARA RAZAVI ZAND
SBOT NO. 24051233
MELISSA A. CASS
SBOT NO. 24054541
Attorneys-at-Law
2118 Smith Street
Houston, Texas 77002
Telephone:  (713) 396-0227
Counsel for Connie Vasquez Harrison


HEATHER HUGHES
SBOT NO. 00796794
Attorney-at-Law
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone:  (713) 463-5505
Amicus Attorney for the Minor Children

INDEX

VOLUME 1

HEARING ON MOTIONS

December 4, 2014

                                        PAGE   VOL.

Proceedings ...............................4      1

Ruling on Mental Health Evaluation .........11     1

Ruling on Motion to Dismiss ...............40      1

Ruling on Possession and Access ...........52      1

Reporter's Certificate ....................55      1

THE COURT: We are on the record in Cause 2006-68864, In the Matter of the Marriage of Clifford Layne Harrison and Connie Vasquez Harrison, and In the Interest of J.E.L.H., II, and V.M.H., Children.

Counsel, please make your appearances for the record.

MS. WICOFF: Your Honor, my name is Patricia A. Wicoff. I'm here together with Amy Harris. We represent Cliff Harrison.

MS. HUGHES: Your Honor, I'm Heather -- I'm sorry.

MS. RAZAVI ZAND: Your Honor, I'm Sara Razavi Zand here with Melissa Cass today here to represent the Respondent.

MS. HUGHES: Your Honor, I'm Heather Hughes, the amicus attorney for the children.

THE COURT: Okay. And we had a number of things set on the docket this morning, and the first is a -- the first matter we're going to take care of is the motion for the appointment of a mental health evaluator.

And off the record, Ms. Hughes, you were letting me know that Judge Newey had previously granted the motion for the mental health evaluation

to take place of both parties.  However, it failed to name a evaluator and you-all were instructed to try to reach a resolution on that; and I'm under the assumption since we're here today you've been unable to do so.

MS. HUGHES: Correct.  I looked into one individual, Dr. Peter Simone; and when he got back to me, he indicated that with the January trial setting and his schedule that he would not be able to take the assignment commitment.  And, so, then I sent an e-mail and proposed Dr. Adrienne Tinder, who is affiliated with Dr. Silverman and Dr. Laval.  I heard back from Ms. Wicoff.  My recollection was that she did not oppose Dr. Tinder, and I did disclose to everybody that she was related -- or not related, but worked with Dr. Silverman, who is a psychologist who performed the evaluation in the underlying divorce. I just wanted to make sure everyone was aware of that.  I don't recall hearing back from Ms. Harrison; and, so, that's where we are.

And then this morning I have communicated with Dr. Tinder, and she's indicated her availability would be in January to begin the evaluation.

THE COURT: Okay.  So, to begin in

January?

MS. HUGHES:  Yes, Your Honor.

THE COURT:  And we were set for trial for --

MS. WICOFF:  We are set preferentially.

THE COURT:  What was the date?

MS. HARRIS:  January 20th.  Pretrial on January the 9th.

THE COURT:  Okay.

MS. HARRIS:  Which is the date that we got from the Court at the same time that the evaluation was heard.

MS. WICOFF:  Judge, if I may respond when you're -- if Ms. Hughes is done.

MS. HUGHES:  Other than -- and both parties filed respective motions for mental health evaluation.

THE COURT:  Okay.

MS. RAZAVI ZAND:  And, Your Honor, that was actually -- I came on the case approximately 36 hours ago.

THE COURT:  Okay.

MS. RAZAVI ZAND:  And that was filed prior to me coming on the case; and it's also my

understanding that at the September 3rd hearing that Judge Newey did order a psych eval to be done on everyone, including the kids. I'm not opposed to any of that. I'm not opposed to whoever the amicus wants to pick, too. I have no preference.

*THE COURT:* Okay.

*MS. WICOFF:* Judge, I am opposed to it at this point; and let me explain to the Court why.

We were set for trial on September 2nd. When we did not get reached for trial, then Judge Newey said he would go ahead and order the psychiatric. At that time we were then set for trial January 20th. That was three months ago. There has been nothing accomplished with regard to that Order, which has never been entered. We do not have an Order signed. There has been nothing accomplished with regard to that happening for the last three-month period; and I don't know where the disconnect was, Judge. I responded to Ms. Hughes as soon as she contacted me.

At this point, Judge, we are now in our fourth trial setting after the remand from the Court of Appeals. We are now looking at an eight-year-old case to get heard. Quite frankly,

Judge, both of these children have their own therapist that Mr. Harrison has arranged for these children that they are seeing. The amicus attorney has talked to at least one of the therapists, that I am aware of. As far as I'm concerned, we don't have a signed Order at this point, Judge.

This will clearly -- this is an automatic continuance, is what it really is, Judge. We don't want this case continued under any scenario; and we are ready, willing and able to withdraw any request for any kind of psychological or psychiatric. Quite frankly, it's my feeling that Ms. Harrison's conduct throughout this past many months is --

*MS. RAZAVI ZAND:* Objection to testifying as to facts not in evidence and testifying as the attorney, Your Honor.

*THE COURT:* Sustained.

You can rephrase.

*MS. WICOFF:* I think, Judge, that we are not going to need a psychiatric in this jury case, quite frankly. So, I think at this point, Judge, it is too little too late. I would like for it to have been commenced in September when it was originally ordered. It didn't happen, but it didn't happen because of anything that Mr. Harrison did. It

simply didn't happen. And to now piggyback and say, oh, let's get it done in January. I talked to the lady this morning and she can do it in January. No. It's too late. This case needs to be concluded. We are ready to go forward.

And the other thing that the Court needs to know, way back when we tried this case in 2008, I believe --

*MS. HARRIS:* Seven.

*MS. WICOFF:* -- '7 or '8, the parties were ordered to go to Mr. -- to Dr. Silverman. We had to get a motion to compel the attendance of Ms. Harrison to go to Dr. Silverman for the evaluation. The fact that this woman can do it in January doesn't mean that Ms. Harrison is going to show up. So, then where are we? Are we then in the summer? Are we going to be in the fall? Are we going to be in 2016? No. It's time to get this case done with or without a psychological; and that should have been taken care of three months ago, not today. And that's my position, Judge.

*THE COURT:* Okay. Anything further from anybody?

*MS. RAZAVI ZAND:* Your Honor, it's my understanding that the -- and, again, I apologize if

I misstate any of the facts since I've only been on the case for 36 hours; but it's my understanding that at the time of the psych eval -- the psych eval was done in '07 with Dr. Silverman, and the children were not evaluated at the time. So, there, at minimum, needs to be some sort of update. If Dr. Silverman is going to be considered an expert, his report is so old that I don't know if it actually pertains to the parties today.

But, again, Your Honor that wasn't -- that wasn't -- that was an order of the Court by Judge Newey, and we have the transcripts where he states that the children need to be re-evaluated because there have been instances where the children have seen some family violence that have gone on.

He's been convicted of family violence. There's been a finding of family violence in this court. There's been a second incident of family violence that occurred a couple months ago. So -- in the presence of one of the children.

*MS. WICOFF:* Judge, I'm not -- I didn't interrupt opposing counsel when she was testifying, and she did to me; but I will respond that, first of all, there has never been a conviction of family violence against Mr. Harrison.

Secondly, he was no-billed on this last accusation by Ms. Harrison. These children are seeing therapists. Those two therapists can come in and testify. We need to get this case over. It is -- three months ago had we started this, that would be one thing; but it didn't happen, and it didn't happen because of us. We want to go to trial in January, Judge.

*THE COURT:* Okay. With regards to the motion to appoint an evaluator, the Court is going to deny that relief and the Court is superseding any prior Order that, perhaps, was orally rendered and hasn't been reduced to writing ordering the evaluation that is superseded by this Order denying the appointment of the evaluator and also denying a evaluation period.

And then let's move on to the motion for continuance. And I apologize, but I don't see --

*MS. HARRIS:* It's actually not set, Judge. We had actually conceded to possibly going forward on that this morning. However, Ms. Harrison's new counsel advised me this morning that they would be passing their continuance.

*THE COURT:* Okay.

*MS. RAZAVI ZAND:* At this time, Your

Honor, I, like I said, I have 11 boxes that were delivered to my office; and I'm going to have to review to see if discovery has been updated and whatnot. But as of right now, I'm passing my client's pro se motion for a continuance.

THE COURT: Okay. Excellent. I appreciate that.

And, so, then my understanding is we just have the two motions for enforcement.

Now, with regards to the Order on the request for the mental health evaluator, is that something you-all can stand down and handwrite up? Okay.

MS. HUGHES: Handwrite.

THE COURT: Okay. Because I don't want to have to give you an entry date on that and have y'all come back. So, if we could enter that before the end of the day.

MS. HUGHES: I also believe my motion to review possession and access was set today. I called the clerk on Monday to confirm it because it showed up as a docket sheet entry, and it was confirmed because a week before I had been told it was the motion to appoint evaluator had been set. So, I wanted to make sure. And when I called on

Monday, I was told that, yes, the motion to review possession and access was set as well; and, so, I notified the parties of that.

THE COURT: I found the motion. It was noticed for today because I signed it on November the 14th and indicated that I signed a notice of hearing to review possession and access for today --

MS. HUGHES: All right.

THE COURT: -- set at 9:00 o'clock a.m. So, we can hear that as well.

Now we have to figure out logistically how we're going to get this done. It is 11:45, and my understanding is you have somewhere else to be as well.

MS. HUGHES: I left the 312th morning CPS docket with one matter unfinished, and I've got one matter at 1:30 back in the 312th on their afternoon CPS docket.

THE COURT: Okay.

MS. HUGHES: May I look at my phone to see if anyone has text me?

THE COURT: Sure.

MS. HUGHES: And there's a chance that the morning matter disappears because of a report not being timely filed, but I've not had

confirmation --

THE COURT: And, Victor, what is my schedule like?

THE COORDINATOR: For this afternoon?

THE COURT: Uh-huh.

THE COORDINATOR: You've got a motion for new trial that has to go before you. I don't expect that to be too long, but that's at 1:30. I could be wrong.

THE COURT: Okay.

MS. WICOFF: Judge, let me just interject, if I may, that we are set for a motion for revocation of probation on December the 18th. Certainly we could put both of these contempt motions -- have Ms. Harrison sworn to return on the 18th and have those heard, these contempts, two contempts heard on the 18th if that will help accommodate the Court.

THE COURT: Victor?

MS. HUGHES: I don't anticipate my motion would be very long, Your Honor.

THE COURT: Okay. So, we could take care of the possession and access.

We can go off the record.

(*Discussion off the record*)

THE COURT: Okay. And if the parties can stand up at counsel table. Okay. Anybody who is going to testify in this matter, please raise your right hand.

(Oath administered)

THE COURT: Okay. You may lower your right hands.

And then, ma'am, let me go ahead and give you some instructions at this time. Okay? The rule has been invoked in this matter. We are having a hearing in which it is expected you may testify. When I place you under the rule, that is severalfold. One, I'm going to excuse you to the hallway. Okay? And you may not be present in the courtroom while any testimony or any matters are being conducted except for and save for while you are testifying. Okay? While you are in the hallway, you may not communicate with other witnesses or the parties about matters relevant to the case or matters that you likely would testify about. If there's breaks and the parties are excused to the hallway, you may exchange pleasantries. You may talk about the weather, logistical things like arranging rides or things like that. Okay? But nothing relevant to the issues that would likely be being discussed here in the

courtroom.  Okay?

PROSPECTIVE WITNESS:  I understand.

THE COURT:  And if you're found to be in violation of that rule, then I could preclude you from testifying.  I may strike testimony or I could actually find you in contempt of court for disobeying a Court Order.  So, it's best to adhere to the instructions of the Court.  Okay?

PROSPECTIVE WITNESS:  I understand. Thank you very much.

THE COURT:  So, you're excused to the hallway at this time.  Thank you, ma'am.

MS. RAZAVI ZAND:  And, Your Honor, for purposes of the record, were the parties sworn in for both enforcements as well?

MS. HARRIS:  Yes, Judge.  We're going to hear them all at the same time.

THE COURT:  I thought what we're hearing is two enforcements and the possession and access.

MS. RAZAVI ZAND:  That's correct.

THE COURT:  Motion for possession and access.  So, yes, the oath that I just administered is for all matters that are being heard right now.

MS. RAZAVI ZAND:  Thank you.

THE COURT: You're welcome.

So, I have the motion to review possession and access. Will you direct me -- the motion for enforcement, is it the -- is one of them the one that was filed on October the 13th?

MS. WICOFF: It is, Judge.

THE COURT: Okay.

MS. WICOFF: And the other one was filed on September the 22nd. I'm sorry. 2 or 22. I'm sorry. 2. It is 2, Judge.

MS. HARRIS: 9/2.

MS. WICOFF: 9/2 and the October.

THE COURT: Okay. I see it. Thank you, Ms. Wicoff. This is a lengthy file. So, it's a little difficult to find everything all at once.

Okay. Is there a preference to what order that we're going to hear the --

MS. WICOFF: I think the enforcements were filed first, Judge. So, I'd like to move forward on those.

THE COURT: Okay. Then, Ms. Wicoff, if you're announcing ready at this time and you're ready to move forward, you may do so.

MS. WICOFF: I am; and I would call Mr. Harrison as my first witness, Your Honor.

*MS. RAZAVI ZAND:* And, Your Honor, since the parties have already been sworn in, I'd like to do my oral motion to dismiss for procedural reasons that need to be heard prior to them actually starting and after they've been sworn. So, may I proceed?

*THE COURT:* You may.

*MS. RAZAVI ZAND:* Thank you. Would you like me to do it at the bench, Your Honor, or from a seated position?

*THE COURT:* You can do it from a seated position, Counsel.

*MS. RAZAVI ZAND:* Your Honor, for the first motion for enforcement that was filed on September 2nd, 2014, if you turn to page 6 of 9, that's where the violations begin.

Your Honor, with regard to Violation Number 1, Violation Number 1 states: On or about July 28, 2014, Connie Vasquez Harrison failed to comply with the terms of this order by failing to adhere to the permanent injunctions relating to discussing divorce litigation or issues surrounding the litigation with the children. See a letter from John Ernest Harrison attached hereto Exhibit "C" and is fully incorporated herein for all purposes.

Your Honor, Violation Number 1 fails to allege how Connie actually violated the interim order pursuant to a section of the Texas Family Code 157.002(a)(2). It doesn't actually state how she violated the injunction. The proper way to plead would actually be that Connie Harrison discussed litigation with the son on a certain date and failed to adhere to the permanent injunction as to how she actually failed. It's not specific enough pursuant to 157.002(a)(2). It doesn't say how she actually violated it.

Violation Number 2, Your Honor: On August 15th Clifford Layne Harrison was denied access to the minor children, John Ernest Harrison and Victoria Madeline Harrison, for his weekend period of possession.

Your Honor, Violation Number 2 also fails to adhere with Section 157.002(a)(2) and Section (c). It fails to state the actual location of the violation and fails to identify how Connie violated -- I'm sorry -- how the Respondent violated the order. Section 157.002(a)(2) and (c), the Movant must be able to identify the provisions of the order and that Respondent violated it and specify the date, time, place and manner in which the Respondent

actually violated those provisions.

And if you go to Violation Number 3, Your Honor: On August 27th, 2014, Clifford Layne Harrison was denied access to the minor children, John Ernest Harrison and Victoria Madeline Harrison, at the time the children were dismissed from school for the Thursday overnight period of possession and weekend extended by the holiday.

Again, Your Honor, Violation Number 3 doesn't state how the violation was -- how it was actually violated. It fails to identify how the Respondent violated the order. Your Honor, it fails to state the location of the violation and fails to actually state what Respondent failed to do.

Also, Your Honor, August 27th, 2014, which is the date that they pled, is actually a Wednesday and not a Thursday. It's not his actual period of possession under the order.

Violation Number 4 states that Connie Vasquez Harrison has intentionally and willfully failed to adhere to the Court's order pertaining to the children's enrollment in school. Connie Vasquez has facilitated the enrollment of John Ernest Harrison in a school other than Grady Middle School.

Again, Your Honor, the underlying

order on Violation Number 4 is not specific enough to state that Connie is enjoined from doing so or -- I'm sorry -- Respondent. The language of the Petition does not specify or identify how Respondent actually violated the order. It's also not specific enough to identify the actual violation with regard to that, Your Honor.

If you go to Section 10, Number 10, page 6 of 9, it states: Movant requests that Respondent be held in contempt, jailed and fined for the violations alleged above.

Number 11 states that Movant believes, based on Respondent's conduct, the repeated and ongoing history of Respondent's conduct and the history of the willful failure to comply with the court orders, that Respondent will continue to fail to comply with the orders of the court. Therefore, Movant requests that Respondent be held in contempt, jailed and fined for each failure to comply with the order of the court from the date of this filing to the date of the hearing on this motion.

Movant requests that Respondent be confined in the county jail for 90 days.

Your Honor, Sections 10 through 12 do not state whether they are seeking civil contempt or

criminal contempt. It doesn't state the amount of the fine. It doesn't state whether what the jail time that they're asking for is going to be concurrent or consecutive. There are several violations in here, Your Honor. Nothing in this Petition puts my client on notice of her right to invoke a jury trial on all the violations.

Your Honor, with regard to Enforcement Number 2 that was filed on September 13th, 2014, Violation Number 1 is set forth on page 2 -- I'm sorry -- it was filed October 13th, 2014. Do you have that in front of you?

*THE COURT:* I do. Thank you.

*MS. RAZAVI ZAND:* May I proceed?

*THE COURT:* You may.

*MS. RAZAVI ZAND:* Okay. Violation Number 1: On September 15th, 2014, Connie Vasquez Harrison intentionally and knowingly appeared at the Boy Scout meeting wherein John Harrison was in attendance and spoke with both John Harrison and Victoria Harrison, including taking Victoria Harrison into the women's restroom to have a private conversation with her.

Your Honor, with regard to Violation Number 1, Your Honor, pursuant to Section -- Texas

Family Code 157.002(a)(2) and (c), it fails to state the place, time and manner of her violation. It states that she intentionally and knowingly -- she intentionally and knowingly appeared at the Boy Scout meeting; but, Your Honor, as far as the actual element of willful, it's not specific enough to put my client on notice with regard to the actual violation.

Violation Number 2: On September 22nd, 2014, Connie Vasquez Harrison intentionally and knowingly appeared at the Boy Scout meeting wherein John Harrison was in attendance and spoke with John Harrison and gave John Harrison a letter to give to Victoria Harrison.

Again, Your Honor, it does not state the place and manner of her violation pursuant to Texas Family Code Section 157.002(a)(2) and (c).

Violation Number 3 states: On or about October 8th, 2014, Connie Vasquez Harrison communicated with John Harrison in writing.

Again, Your Honor, it does not state place and the manner of Respondent's violation in Violation Number 3 pursuant to Texas Family Code Section 157.002(a)(2) and (c).

With regard to Violation Number 4:

On or about October 10th, Connie Vasquez communicated with Victoria Harrison in writing.

Again, Your Honor, this does not adhere to Texas Family Code Section 157.002(a)(2) and (c) since it states to -- it fails to state the place and manner of her actual violation.

Going to Number 8: Movant requests that Respondent be held in contempt, jailed and fined, for the violations alleged above.

Number 9: Movant believes, based on Respondent's conduct, the repeated and ongoing history of Respondent's conduct and the history of the willful failure to comply with the Court orders that Respondent will continue to fail to comply with the Court orders -- with the orders of the Court. Therefore, Movant requests that Respondent be held in contempt, jailed and fined for each failure to comply with the order of the Court from the date of this filing to the date of the hearing on this motion.

Number 10: Movant requests that Respondent be confined in county jail for 90 days. In a parentheses it states 120 days.

Your Honor, again, this motion fails to state whether Movant is seeking criminal or civil contempt. It fails to state how much the fine is for

for each violation. It does not state whether jail time is concurrent or consecutive for these violations. Again, my client has not been put on notice of her right to be able to invoke a jury trial, if necessary.

Your Honor, with regard to Number 10, it states that they're seeking jail -- county jail time for 90 days, but in parentheses it actually says 120 days.

So, again, my client is not put on notice with regard to the amount of jail time and whether it's consecutive or running concurrent so that she knows if she has the right to invoke a jury trial.

Your Honor, with regard to Enforcement Number 2, the underlying order is actually not specific enough to state whether if Ms. Vasquez -- if Ms. Harrison is actually found to have engaged in this behavior whether the underlying order is actually specific enough because it does not state that Ms. Harrison doesn't have any contact with the children. It doesn't state that at all. And, therefore, we can't know if she actually violated the order; and, again, her right to a jury trial, we don't know if it's been invoked or not.

So, I ask that my motion to dismiss be granted on both enforcements at this time.

*THE COURT:* Okay. Ms. Wicoff?

*MS. WICOFF:* May I respond?

*THE COURT:* You may.

*MS. WICOFF:* Your Honor, very clearly -- and I will take the first enforcement, I will take is the one that was filed in September, September 2nd. Very clearly we set out verbatim exactly which order we believe that she has, in fact, violated. Commencing on page 2, Number 9, the interim order April 10, 2014 which provides to Mr. Harrison very specifically the periods -- first of all, the permanent injunction as is set out verbatim on page 4 from the order that the Court finds that because of the conduct of Clifford Harrison and Connie Vasquez Harrison a permanent injunction against him should be granted as appropriate relief because that's no adequate remedy at law. And it says very clearly, Judge, that the violation that we were contending that she has violated is discussing the divorce litigation or any issues surrounding this litigation with the parties' children, the parties children.

Then, Judge, we go further on to

recite verbatim on page 5 the exact order that Judge Tom Stansbury rendered wherein he said it is ordered that in the event the children do not attend First Baptist Academy, then, and in that event, the children shall attend the public schools to which Clifford Layne Harrison's residence is zoned, i.e., Briargrove Elementary and Grady Middle School.

We then go on, Judge. On the Violation Number 1, we have incorporated Exhibit "C" which clearly puts Ms. Harrison on notice of the violation that she has engaged in by communicating with the child. It is incorporated. She could not be not on notice with this having been incorporated and her served with that document, Judge.

Violation Number 2, I have no understanding as to why she thinks she is not on notice that she has violated the order that is set out.

*MS. RAZAVI ZAND:* Objection as to, Your Honor, that the attorney is testifying as to facts not in evidence at this time. This is argument, not evidence -- I'm sorry -- argument, not testimony.

*THE COURT:* It is overruled.

You may continue, Ms. Wicoff.

*MS. WICOFF:* Judge, on Violation Number 2, August 15th, once again, Judge, we set out verbatim the weekend visitation that he was entitled to under the underlying order. She is notified on the date that she violated that specific order.

We are withdrawing Violation Number 3, Judge, because, in fact, we have August 27th in there as opposed to August 28th. That is simply an incorrect date.

Then on Violation Number 4, Judge, the -- she has intent -- she enrolled the children in a school other than that designated by Mr. Harrison. She has been put on notice that this is the violation that she violated. She knows how she violated that violation for all -- for that provision.

Judge, additionally, on each and every one of these what opposing counsel is arguing is not exactly what is said in the Family Code. It says very clearly that if applicable the time of each occasion of Respondent's failure to comply. To the best of my knowledge, we have put in here when she has failed to comply.

So, Judge, for all of those reasons, none of the argument of opposing counsel is relevant with regard to a dismissal. It will go to the weight

and not to the underlying validity of the contempt itself.

Judge, with regard to October 13th --

MS. RAZAVI ZAND: If I may, Your Honor, would it behoove --

MS. WICOFF: Judge, could I just get through my argument --

THE COURT: Hold on.

MS. WICOFF: -- please?

THE COURT: I don't know what she's requesting.

MS. RAZAVI ZAND: Would it behoove -- would it be beneficial if we argue this enforce -- the first enforcement first and then go to the second and I can counter her argument, or would you like me to wait?

THE COURT: I would like you to wait because you set it up as far as arguing both. So, I'm going to allow Ms. Wicoff to respond --

MS. RAZAVI ZAND: Thank you.

THE COURT: -- to both and then you can reply --

MS. RAZAVI ZAND: Thank you.

THE COURT: -- to her response.

MS. WICOFF: Judge, on the second

enforcement we make it very clear that it -- when each one of these violations took place. The dates are in there. We have -- we set forth the order that it is ordered that Connie Vasquez Harrison shall not have any periods of possession and/or access to the children until further order of the Court or by written agreement of the parties and attorneys.

Each and every date that she violated that is reflected in here, and we have reflected where she violated it or how she violated it. She is on ample notice of exactly what she did in not following these Court's orders.

*THE COURT:* And with regards, Ms. Wicoff, to counsel's argument regarding Number 2 that was filed on October 13th, 2014 wherein she states that her client is not on notice as far as what jail time you're requesting.

*MS. WICOFF:* Well, Judge, certainly there is a typographical error in there and certainly we would waive any 120-day request and would ask for the lesser amount.

Additionally, Judge, the argument that she doesn't know whether it is consecutive or concurrent really is a disingenuous argument. Had we wanted these to run back to back, believe me, Judge,

we would have set that forth. It says very clearly in the first contempt, it says Movant requests the Respondent be confined in the county jail for 90 days, not 90 days per violation. Ninety days.

Additionally, Judge, the same language is used in the second contempt; and as I say, we are not seeking 120 days. We are seeking 90 days. So, certainly she knew that we were requesting at least 90 days; and we are waiving the 120 days.

*THE COURT:* Okay. Your response?

*MS. RAZAVI ZAND:* Your Honor, as far as -- let me go back to Enforcement Number 1.

I think that Ms. Wicoff actually confused my argument on Violation Number 1. Specifically, it's not pled properly. To put her on notice is what she failed to do. It states in Violation Number 1 that she failed to adhere to the permanent injunctions relating to discussing the divorce litigation.

The proper way to plead it, Your Honor, is that Connie Harrison discussed litigation with the son on a date certain, not that she failed to adhere to a permanent injunction. Because it has to actually state what she did to -- that what she actually did that -- that she didn't actually adhere

to the permanent injunction.

As far as Violation Number 2, Your Honor, on August 15th Clifford Layne was denied access to the minor children. Again, it doesn't state here how Respondent actually violated the order. The language -- there's supposed to be surrender language in here. The proper way to plead it, Your Honor, would be that Clifford -- that Connie Vasquez Harrison failed to surrender the children on this date at this time that actually adheres to the order. It doesn't state that what -- what she actually did here. It only states that he was just denied access to the children.

Violation Number 3, again, that -- they withdrew that violation.

THE COURT: Correct.

MS. RAZAVI ZAND: And as far as Violation 4, again, Your Honor, that violation is not specific enough.

But, in totality, my client's due process would be violated if we moved forward on this motion because the order has to state if the jail time is going to be concurrent or consecutive. It has to state a fine amount. If the fine amount is over $500, my client's right to a jury trial would be

invoked. At this time, I don't know whether I can or can't invoke her right to a jury trial.

The same thing with -- with the motion for enforcement, the second one that was filed in October 13th, 2014. It's the same thing, Your Honor. There is no fine amount in there. It doesn't state that it's -- the jail time, if the jail time is consecutive or concurrent. It has to state that. It's a requirement to state that, to put the Respondent on notice.

With regard to Ms. Wicoff's stating that it's a typographical error, there cannot be typographical errors in a motion for enforcement. It's a quasi criminal proceeding, Your Honor. These types of things get appealed immediately for failures to have this stuff in the actual motion.

They must plead with specificity, and they don't actually state in both enforcements whether the contempt that they are seeking is civil or criminal. And, Your Honor, that does make a difference because, again, her right to a jury trial would be invoked. And for civil contempt she can actually stay in jail for a lot longer than that with regard versus a criminal contempt.

So, at this time, again, I reiterate

that Ms. Wicoff cannot cure any defects on an oral motion. If she has any defects in the pleadings, they have to be repled. My client has to be re-served again. She cannot cure her defects on an oral motion and on an oral motion to dismiss.

So, again, Your Honor, I reiterate that with the Court's request that the -- my motion to dismiss be granted on both enforcements.

THE COURT: Okay. Ms. Wicoff?

MS. WICOFF: Your Honor, if I may just close.

What she is arguing is special exceptions, and she has no special exceptions filed.

MS. RAZAVI ZAND: Your Honor, you actually do not have to file special exceptions on a motion for enforcement. In fact, you can actually waive your special exceptions to do a motion to dismiss. You do not -- you absolutely do not -- if you'd like me to find the section of the Code --

THE COURT: I would because this entire time I've been sitting here thinking just that, that why wasn't this raised on special exception. However, I realize you were retained 36 hours ago. So, I thought perhaps that was why --

MS. RAZAVI ZAND: No.

THE COURT: -- they had not been raised.

MS. RAZAVI ZAND: The reason why special exceptions were not filed, Your Honor, is because that gives them an opportunity to replead. That's me telling them how to practice law, Your Honor; and it allows them to replead and re-serve my client without having to do a special exceptions. You can do a motion to dismiss the entire proceeding, and double jeopardy attaches after the clients -- after the parties have been sworn in.

And if the Court can give me a moment, if you'd like me to find that section.

THE COURT: Sure.

MS. RAZAVI ZAND: Oh, and, Your Honor, actually, I'm sorry, special exceptions falls under Civil Procedure Rule 191. There are two separate sections for special exceptions. One in family law. One in civil law. In family law, Your Honor, it's a -- it's a may provision. In civil law it's a shall provision wherein you are required to file a special exception and if you don't, it's waived. In family law you are not required to file it along with -- I have copies of a case, Your Honor. I don't know if you want to take a moment to review,

and I can provide it to opposing counsel as well. You do not waive defects in pleading even up until appeal at this point.

THE COURT: Thank you.

MS. RAZAVI ZAND: Your Honor, it may help if you turn to the second to the last page. The first paragraph starts with "Thus," and just let me know when you're ready.

THE COURT: The first paragraph starts with what?

MS. WICOFF: The second to the last page?

MS. RAZAVI ZAND: The second to the last page -- I'm sorry -- page 6 from the front.

THE COURT: Okay.

MS. RAZAVI ZAND: I'm sorry. The pages aren't numbered, Your Honor.

THE COURT: No problem. I'm there.

MS. RAZAVI ZAND: The first paragraph starts with "Thus." The second paragraph says: Further, the Texas Family Code does not require a special exceptions or other objections as a predicate for a complaint about inadequate notice, rather it requires that a specific type of notice be given in enforcement and contempt motions. While Section

14.311(f) -- and, Your Honor, that section has now been recodified in Texas Family Code Section 157.064 which is this special exceptions section. While Section 14.311(f) does state that an alleged contemnor may file special exceptions to a motion to enforce, it does not require it, unlike Texas Rules of Civil Procedure 90, which does require an objection to preserve pleading defects for an appeal.

So, it's not required by the Court, Your Honor.

*MS. WICOFF:* Judge, but more importantly, what happened here was this gentleman -- it's a child support.

*THE COURT:* Right.

*MS. WICOFF:* And what happened was this gentleman was served with an enforcement that said see attached Exhibit "A" and Exhibit "A" wasn't attached. That couldn't have been cured.

So, for those reasons, Judge, I just don't think this is -- this is not anything close to what we are dealing with today.

*MS. RAZAVI ZAND:* Your Honor, that's a codified section of -- it's a codified section of the Code. You are absolutely not required to file special exceptions to a motion for enforcement. You

do not waive it. You don't even waive it if you don't file it on appeal.

And with regard to whether it's a child support enforcement case or whether it's a possession and access case or injunction case for purposes of the motion for enforcement, they're all motions for enforcement.

And, Your Honor, I even have a CLE that was done by Judge Rick Ramos at the time present with me here today that he also states in his CLE with all the Judges at the Texas Family Conference you do not have to file special exceptions prior to that.

MS. WICOFF: With all due respect.

THE COURT: Hold on one second.

Ms. Hughes?

MS. WICOFF: I'm sorry.

MS. HUGHES: Section 157.064 of the Family Code is what addresses the special exceptions.

THE COURT: 157 what?

MS. HUGHES: .064. And it just discusses if they do and if one is sustained.

MS. WICOFF: It certainly doesn't apply to a request that it be dismissed, Judge. She is on ample notice of every violation that we have

set forth.

MS. RAZAVI ZAND: And, Your Honor, that's the first prong of my argument.

The second prong of my argument was that she is not put on notice with regard to whether her right to a jury trial has been invoked. Those are her due process rights. She needs to know if she's going to be jailed for a consecutive amount of time or a -- for the jail time to run concurrently. The fine isn't even listed in the motion, Your Honor, on top of the fact that the second enforcement says she's going to be jailed for either 90 days but in parentheses says 120 days. You can't cure those types of defects on an oral motion.

MS. WICOFF: Judge, if we had wanted to have 90 days per occurrence, it would say per occurrence. It very specifically says 90 days. I don't know what is not understood about that specific term. It's a disingenuous argument, Your Honor.

THE COURT: Okay. Anything further?

MS. RAZAVI ZAND: She hasn't listed it as civil or criminal contempt, Your Honor. If they do actually run concurrent -- I'm sorry -- consecutively, Your Honor, my client's rights to a jury trial would be invoked.

THE COURT: Okay. After having heard the oral argument before me, the Court is going to deny the request to dismiss this action. However, the Court, having heard your argument, perceives your argument to be a special exceptions that we are now having a hearing on; and with regards to the exceptions that you have made, this is the following ruling of the Court: With regards to Violation 1 --

MS. WICOFF: I'm sorry. Which contempt are we on, Judge?

THE COURT: We are on -- I apologize. Somehow one of the contempts has moved and is hiding from me. It is the -- I don't know where the other one went.

I'm reviewing the one that is September 2nd, 2014. And with regards to the pleadings as to regards to Violation Number 1, the Court will sustain the special exception and request that, Ms. Wicoff, that you replead Violation 1 to state specifically what she failed to do.

With regards to Violation 2, the Court again will sustain that; and if you'd replead stating what she failed to do.

With regards to Violation 3, you've passed that.

With regards to Violation 4 -- and if you, obviously, if you reassert 3, then in your --

MS. WICOFF: And we will.

THE COURT: -- your new pleadings and you will likely want to consult with opposing counsel before you-all come back down of any issues with that.

With regards to 4, the Court is going to deny that special exception.

With regards to the special exception asking for a specificity as to whether or not the contempt sought is civil or criminal, that will be sustained.

With regards to the request for any fine amount if requesting a fine, that is sustained.

With regards to indicating whether or not it's consecutive or concurrent, if you're asking for more than -- if you're asking for jail time to be ordered by this Court on more than one violation, then the Court is sustaining that, and you do need to tell me whether or not it is consecutive or concurrent.

MS. WICOFF: All right, Judge.

THE COURT: With regards to -- and that's everything regarding the first motion for

enforcement.

And I apologize, Ms. Wicoff, can you give me the date of the second one again?

*MS. HARRIS:* 10/13.

*MS. WICOFF:* 10/13, Your Honor.

*THE COURT:* I have three motions open. So, one of them somehow got lost.

Okay. Now back on 10/13/2014, with regards to the oral motion regarding this pleading that -- to dismiss this cause of action, that is denied.

The Court, however, will interpret your argument to be a special exception; and the Court will make the following rulings on your special exceptions.

With regards to Violation 1, the Court will grant the special exception to Violation 1 as to -- as to the lack of including willfulness in the violation. With regards to -- and also to the place. You need to include the place of the violation. With regards -- with more specificity.

With regards to Violation 2, that is sustained as to the place of the violation and also including willfulness.

With regards to 3, is 3 the --

MS. WICOFF:  It's the communication in writing, Judge.

THE COURT:  And you've attached the writing; correct?

MS. WICOFF:  I'm sorry?

THE COURT:  And you attached the writing, Ms. Wicoff?

MS. WICOFF:  We did not attach the writing.  We're going to use it as an exhibit, Your Honor.

THE COURT:  Okay.  So then with regards to 3, it is sustained as to place, willfulness and also -- place and willfulness.

With regards to 4, same thing.  So 3 and 4 are the same.

Then with regards to the special exception as to specifying whether it's civil or criminal contempt, that's sustained.

If there is a fine being requested, list the fine amount.  That's sustained.

And if the jail time in this one, if you're only requesting the 90 days, then the numeric value that's listed needs to reflect the written value; and also again let me know whether it's consecutive or concurrent and also let the Respondent

know whether it's consecutive or concurrent if it's -- you are requesting jail time for more than one violation.

Okay. With that being said, now we have --

Let's go off the record.

(*Discussion off the record*)

THE COURT: Ms. Harrison, can you come on up?

MS. HARRISON: Oh, certainly.

THE COURT: Thank you.

(*Whereupon the witness was sworn to re-appear by the clerk*)

THE COURT: And, Ms. Harrison, when she says "no notices," that means from this Court. That doesn't mean -- perhaps you and your attorney may have your own communications, but just to be clear, the Court is not going to send you any further notice of this hearing.

MS. HARRISON: Oh, sure.

THE COURT: Okay?

Okay. Then with that being said, let's go ahead and address the possession and access.

So, that's your motion?

MS. HUGHES: It is.

THE COURT: So, you may proceed with that and call your first witness if you're ready at this time.

MS. HUGHES: Your Honor, mine is more a -- just a presentation to the Court, if that's okay.

THE COURT: Okay. Sure.

MS. HUGHES: As this Court's aware, on September 3rd it entered orders that denied the mom, Ms. Harrison, any possession and access with both children. It's my understanding that there have been several brief encounters. I've met with the children, I think, at least twice now since that order was entered. They would like to visit with their mother. My concern is I've not had the opportunity to meet with Ms. Harrison to figure out what's been going on the last several months, dating back to July when there was an incident. So, at this time I would be requesting supervised possession and access for the mom and the children until we figure out what's been going on.

THE COURT: Okay. And have you talked with the parties about what you -- how you think that that could accommodate their schedules?

MS. HUGHES: There's a gentleman,

David Tristan --

THE COURT: Okay.

MS. HUGHES: -- who I've used a handful of times on various cases. He's usually fairly flexible. Obviously I think second and fourth weekends are maybe more free time with that scheduling, and my experience has been he will do the visits anywhere except for a parent's home. So, whether it be a movie theater, the zoo, the Children's Museum, the mall. His cost, if I can look at my phone briefly, Your Honor --

THE COURT: Sure.

MS. HUGHES: -- is $50 per hour with a two-hour minimum.

THE COURT: Does that include all costs? Sometimes there's travel fees and so forth in addition to that.

MS. HUGHES: That's all that he indicated when I requested what the cost was.

THE COURT: Okay. Anything further, Ms. Hughes?

MS. HUGHES: No, Your Honor.

THE COURT: Okay. Ms. Wicoff?

MS. WICOFF: Yes.

Your Honor, we -- as I understand it,

the reason Ms. Hughes hasn't been able to meet with Ms. Harrison is not because Ms. Hughes has not requested it, but that Ms. Harrison has not made herself available throughout this entire period of time.

Additionally, Judge, we really are not comfortable with Ms. Harrison having access at this time. I do not know Mr. Tristan. I will rely on Ms. Hughes' position; but certainly, Judge, this -- the ruling that Judge Newey put into effect was after we retrieved the children through a habeas corpus. I'm very, very concerned about Ms. Harrison making comments; and had you seen the exhibits today, you would understand what my concerns are with regard to her comments. I would hope that this gentleman has the ability and is absolutely authorized if the Court orders any periods of access; and if they do, I would ask that it be limited to a two-hour period on a second and a fourth weekend.

But if the Court orders any periods of access, certainly this cost must be borne entirely by Ms. Harrison. She created this issue. She is responsible for it, and she should be paying for it. She is an attorney. She is not indigent. She has hired private counsel for this hearing; and, so,

Judge, I would -- I would defer. But I honestly am not comfortable at this time, Judge, with Ms. Harrison having access; and certainly if there is any, it must be supervised and it needs to be paid for by Ms. Harrison.

*THE COURT:* Okay.

*MS. RAZAVI ZAND:* Your Honor, at the hearing -- prior to the September 3rd hearing my client has had custody of these children. In fact, she had sole custody for a period of time due to a conviction of family violence; and that was a finding in this court. In the summer of 2014 there was another incident of family violence in front of the children -- in front of one of the children. The reason why they -- Mr. Harrison got custody was not on the basis of a hearing. It was a default that my client didn't show up to. And in that transcript, the transcript, it specifically says that she's not here at the hearing and that's why he's granting the request that they are asking for.

My client has not shown to be any danger to the children. She's been the primary caretaker of the children.

With regard to funds, Your Honor, my client does tutoring. Mr. Harrison has shut out my

client from any access to any finds.  She paid me with a credit card on a friend's card, and she does not have the money to litigate this case the way Mr. Harrison has done.  He has spent hundreds of thousands of dollars to litigate this case; and he, in essence, is using the fact that he has access to millions of dollars to relitigate issue after issue after issue and bombarding her with litigation.  It's an abuse of the process, Your Honor.

So, as far as supervised visits, my client cannot afford supervised visits, to have continuing supervised visitation.  The hearing that they had, there was no showing that they met any burden that custody should have been switched at the time.  It was only based on a default.

*THE COURT:*  Ms. Hughes?

*MS. HUGHES:*  Thank you.

With respect to Mr. Tristan, he monitors the visits within line of sight, within verbal.  There's no whispers or private communications permitted.

Judge, my concern is if visits don't occur, then I'm going to reurge the designation of a mental health evaluation because I don't know that you can go into a trial without parents, a parent,

not having had any access to children which would then be four and a half, five -- five months and not -- I don't know how you can have a trial in that capacity. So, if the Court's inclined to deny it, I'm going to reurge; and if I have to file appropriate motions, I will, on the mental health evaluation.

THE COURT: Okay. Ms. Wicoff?

MS. WICOFF: Judge, if I may just state, first of all -- and I cannot let what opposing counsel who has been on the case for 36 years -- 36 months -- days --

MS. RAZAVI ZAND: Hours.

MS. WICOFF: -- hours, I guess, as opposed to the case that I've been on for eight years, I cannot let her misstatements go by.

Her suggestion that Mr. Harrison has millions is so ludicrous I can't -- I can barely contain myself. The gentleman owes our firm $180,000. I am here because I believe in his cause and because I will work with him until the end of the earth to do what I think is appropriate.

Ms. Harrison has caused since we had a Mediated Settlement Agreement that she violated in January that resulted in Mr. Harrison incurring

$98,000 in fees since January, it is her doing. She is a licensed lawyer. I don't care whether she tutors or whatever else she does. She has the ability to do something other than create total unequivocated havoc in this litigation.

And if she wants to see these children after what she did -- and they say it was a default. She was sworn to return. She elected not to show up. So, Judge, the reality of it is I apologize to opposing counsel, but she doesn't know what she's talking about. That's the bottom line. The fact is she didn't appear. She had the ability to appear. She had an attorney there who told the Court -- and it's in the transcript -- that he had not been authorized by Ms. Harrison to say anything.

So, Judge, if she wants to see the children, she needs to come up with the funds to do so.

MS. RAZAVI ZAND: And with regards to my client not showing to that hearing, Your Honor, that was on the advice of a criminal defense attorney. For whatever reason, her attorney at the time advised her to go to a criminal defense attorney on a motion for enforcement; and that criminal defense attorney advised her not to show to that

trial occurrence.

THE COURT: Okay.

MS. RAZAVI ZAND: Don't ask me why.

THE COURT: After having heard the argument before me on Ms. Hughes' motion for possession and access, the Court will grant supervised possession and access to occur according to Mr. Tristan's availability on the second and fourth Saturdays of each month through the trial setting in January. And the periods will be for two hours, and Mr. Tristan will have the ability to terminate the period of possession and access if he feels that the visitation is inappropriate or the actions during the visitation are inappropriate.

Accordingly, Mr. Harrison, you're ordered to comply with and cooperate with Mr. Tristan's availability and scheduling and to make the children available on those Saturdays as designated by Mr. Tristan.

MS. HUGHES: And, Your Honor, to clarify, you said on the second and fourth Saturdays, but do you mean --

THE COURT: Correct.

MS. HUGHES: -- the Saturdays that follow the second and fourth Fridays?

THE COURT: Yes.

MS. HUGHES: Okay. I just wanted to --

THE COURT: Yes.

MS. HUGHES: It's a little dicey.

THE COURT: I'm being lazy.

MS. HUGHES: No, you're not.

THE COURT: But, yes.

MS. WICOFF: And the costs, Your Honor?

THE COURT: Yes. And the costs are going to be bore by the -- by Ms. Harrison 100 percent, and they will be payable to Mr. Tristan according to his instructions. If he requests to be paid at the beginning of each visitation, then you're going to have to adhere to whatever instructions he provides to you. If he wants payment in money order, down to the finite details, those will be pursuant to his instructions.

Anything further?

MS. RAZAVI ZAND: Nothing further, Your Honor.

THE COURT: Ms. Hughes?

MS. HUGHES: No, Your Honor. I think that addresses it.

MS. WICOFF: I believe that's it, Judge, yes.

THE COURT: Okay. Then you-all are excused. Thank you for working through your lunch hour so I could get y'all heard.

(*Conclusion of proceedings*)

STATE OF TEXAS

COUNTY OF HARRIS

I, Marilee M. Anderson, Official Court Reporter in and for the 311th District Court of Harris County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid/will be paid by _____.

WITNESS MY HAND this the _____ day of _____, 2014.

_____

Marilee M. Anderson, CSR
Texas CSR 3271
Official Court Reporter
311th District Court
1115 Congress, 7th Floor
Houston, Texas 77002
Telephone: (713) 755-2966
Expiration: 12/31/2014

CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | HARRIS COUNTY, T E X A S |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II AND | § | |
| VICTORIA MADELINE HARRISON | § | |
| CHILDREN | § | 311TH JUDICIAL DISTRICT |

## MOTION FOR ENFORCEMENT OF POSSESION AND ACCESS
## AND ORDER TO APPEAR

**COMES NOW, CLIFFORD LAYNE HARRISON,** Movant in the above entitled and numbered cause and files this Motion for Enforcement of Possession or Access.

1.      Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.      Movant, **CLIFFORD LAYNE HARRISON** is the father and joint managing conservator of the two children subjects of this suit.

The last three numbers of **CLIFFORD LAYNE HARRISON's** Texas driver's license number are 572.  The last three numbers of **CLIFFORD LAYNE HARRISON's** Federal Social Security number are 717.

3.      The two children subjects of this suit are:

Name:      **JOHN ERNEST LEE HARRISON, II**
Sex:      Male
Birth date:      September 2, 2000

Name:      **VICTORIA MADELINE HARRISON**
Sex:      Female
Birth date:      July 27, 2004

4.      This Court has continuing, exclusive jurisdiction of this case as a result of prior proceedings.

Unofficial Copy Office of Chris Daniel District Clerk

TAB #3

5.	The parties entitled to notice are as follows:

Respondent, **CONNIE VASQUEZ HARRISON**, the mother and joint managing conservator of the two minor children subjects of this suit.

Process should be served on Respondent at 9627 Judalon Lane, Houston, Texas 77063, or wherever she may be found.

6.	Case History -

This divorce action was filed in 2006. After numerous continuances, resets, and Respondent's changes in counsel (approximately 9 at the time of trial), this case was tried to a jury beginning in March 2010 and ending in April 2010.

The Court signed a decree in June 2010.

Respondent appealed the final order in September 2010.

In December 2012, the 14th Court of Appeals reversed and remanded the case to the trial court for a new trial, with the exception that the 14th Court of Appeals affirmed the divorce between the parties as of June 2010.

Again, this case was preferentially set for trial a number of times in 2013 and into the beginning of 2014.

Pursuant to court order, the parties participated in mediation and signed a mediated settlement agreement in January 2014.

In April 2014, the Court signed an order to comport with the mediated settlement agreement.

7.	This matter has resulted in multiple orders and a mediated settlement agreement, therefore Movant lists the orders and the agreement affecting this Motion for Enforcement in chronological order:

a.	The "*Interim Agreed Order*" (April 10, 2014 - present)

On April 10, 2014 in Cause No. 2006-68864, styled "*In the Matter of the Marriage of Clifford Layne Harrison and Connie Vasquez Harrison*," In the 311th District Court of Harris County, this Court signed an Interim Agreed Order on Parent-Child Issues (a copy is attached hereto as <u>Exhibit A</u> and is incorporated by referenced as if fully set forth herein) that states in relevant part as follows:

*"Possession and Access*

1. *Modified Possession Order*

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Modified Possession Order. IT IS ORDERED that this Modified Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Modified Possession Order. IT IS, THEREFORE, ORDERED:

(a)     Definitions

1.      In this Modified Possession Order "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2.      In this Modified Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)     Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, IT IS ORDERED that the conservators shall have possession of the child under the specified terms set out in this Modified Possession Order.

(c)     Parents Who Reside 100 Miles or Less Apart

Except as otherwise expressly provided in this Modified Possession Order, when CLIFFORD LAYNE HARRISON resides 100 miles or less from the primary residence of the child, CLIFFORD LAYNE HARRISON shall have the right to possession of the child as follows:

1.      Weekends –

On weekends that occur during the regular school term, beginning at the time the child's school is dismissed, on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after the weekend.

On weekends that do not occur during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2.      Weekend Possession Extended by a Holiday –

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by CLIFFORD LAYNE HARRISON begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months.

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by CLIFFORD LAYNE HARRISON ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

3.      Mondays - On Mondays following the 1st and 3rd Fridays of each month during the regular school term, beginning at the time the child's school is dismissed and ending at the time the child's school resumes on the following Tuesday.

4.      Thursdays - On Thursdays of each week during the regular school term, beginning at the time the child is dismissed from school and ending at the time the child is returned to school after that Thursday.

*Permanent Injunctions as to Persons*

The Court finds that, because of the conduct of CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON, a permanent injunction against them should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately and shall be binding on CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON; on their agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON are permanently enjoined from:

...

2. Discussing this divorce litigation, or any issues surrounding this litigation with the parties' children; and "

b. The *"Additional Temporary Orders"* (May 30, 2014 - present)

On May 30, 2014 in Cause No. 2006-68864, styled *"In the Matter of the Marriage of Clifford Layne Harrison and Connie Vasquez Harrison,"* in the 311th District Court of Harris County, this Court signed Additional Temporary Orders (a copy is attached hereto as Exhibit B and is incorporated by referenced as if fully set forth herein) that states in relevant part as follows:

<u>Pages 2</u>

*"Order of the Court*

*The Court, having heard the evidence and argument of counsel, makes the following order:*

*IT IS ORDERED that CLIFFORD LAYNE HARRISON shall have the right to pursue enrolling the children into First Baptist Academy which pursuit shall be uninterrupted by CONNIE VASQUEZ HARRISON.*

*IT IS ORDERED that CONNIE VASQUEZ HARRISON is immediately enjoined from communicating in any manner with any teacher or other personnel at First Baptist Academy until further order of this Court.*

*IT IS ORDERED that in the event the children do not attend First Baptist Academy then, and in that event, the children shall attend the public schools to which CLIFFORD LAYNE HARRISON's residence is zoned, ie, Briargrove Elementary and Grady Middle School."*

Movant was the Petitioner and Respondent was the Respondent in the prior proceedings.

9.      *Violations*

Respondent has failed to comply with the orders described above as follows:

<u>Relating to the terms and provisions of the Interim Agreed Order -</u>

**Violation No. 1:** On or about July 28, 2014, **CONNIE VASQUEZ HARRISON** failed to comply with terms of this order by failing to adhere to the permanent injunctions relating to discussing the divorce litigation, or issues surrounding the litigation with children, see letter from *JOHN ERNEST HARRISON* attached hereto <u>Exhibit C</u> and is fully incorporated herein for all purposes.

**Violation No. 2:** On August 15, 2014, **CLIFFORD LAYNE HARRISON** was denied access to the minor children, *JOHN ERNEST HARRISON* and *VICTORIA MADELINE HARRISON,* for his weekend period of possession.

**Violation No. 3:** On August 27, 2014, **CLIFFORD LAYNE HARRISON** was denied access to the minor children, *JOHN ERNEST HARRISON* and *VICTORIA MADELINE HARRISON,* at the time the children were dismissed from school for the Thursday overnight possession period and weekend extended by the holiday.

<u>Relating to the terms and provisions of the Additional Temporary Orders</u>

**Violation No. 4:** **CONNIE VASQUEZ HARRISON** has intentionally and willfully failed to adhere to the court's order pertaining to the children's enrollment in school. **CONNIE VASQUEZ HARRISON** has facilitated the enrollment of *JOHN ERNEST HARRISON* in a school other than Grady Middle School.

10.     Movant requests that Respondent be held in contempt, jailed, and fined for the violations alleged above.

11.     Movant believes, based on Respondent's conduct, the repeated and ongoing history of Respondent's conduct, and the history of the willful failure to comply with Court orders, that Respondent will continue to fail to comply with the orders of the Court. Therefore, Movant requests that Respondent be held in contempt, jailed, and fined for each failure to comply with the order of the Court from the date of this filing to the date of the hearing on this motion.

12.     Movant requests that Respondent be confined in the county jail for ninety (90) days.

13.     On repeated occasions, Respondent has failed to comply with the order of the Court by failing to surrender or returning the children to **CLIFFORD LAYNE HARRISON**, or intentionally interfering with designated periods of possession and access with the children and **CLIFFORD LAYNE HARRISON** as ordered.

Specifically, Movant has previously filed enforcement actions against **CONNIE VASQUEZ HARRISON** for similar conduct of denying periods of possession and access to the children. The two (2) prior actions were brought on or about _November 15, 2011_ and on _August 28, 2012_. Further, a third enforcement is set to be heard on _September 3, 2014_. The filing of this enforcement action will be **CLIFFORD LAYNE HARRISON's** _fourth_ request for enforcement due to **CONNIE VASQUEZ HARRISON's** failure to follow this Court's orders and the intentional, willful denial of access between Movant and the children.

Movant requests that the Court order a bond or security for compliance with the Court's order granting possession of or access to the children.

14.     Movant requests that the Court order additional periods of access for Movant to compensate for those periods denied by Respondent.

15.     Movant requests that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply.

16.     It was necessary to secure the services of Patricia A. Wicoff and Amy R. Harris, licensed attorneys, and the law firm of Schlanger, _Silver, Barg & Paine, LLP_, to enforce and protect the rights of Clifford Layne Harrison and the children the subject of this suit. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the children's physical or emotional health or welfare. The attorney's fees and costs should be enforced by any means available for the enforcement of child support including contempt but not including income withholding. Movant requests postjudgment interest as allowed by law.

Movant prays that Respondent be held in contempt and punished as requested,  that the Court order a bond or security, that the Court clarify any part of its prior order found not to be specific enough to be enforced by contempt, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully submitted,

*Schlanger, Silver, Barg & Paine, LLP*

By: _____/s/ Patricia A. Wicoff_____
         PATRICIA A. WICOFF
         State Bar No. 21422500
         AMY R. HARRIS
         State Bar No. 24041057
         Attorneys for Petitioner, Cliff Harrison
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:    (713)   735-8514
Facsimile:     (713)  351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

Unofficial Copy Office of Chris Daniel District Clerk

NOTICE:     THIS DOCUMENT CONTAINS SENSITIVE DATA

10/13/2014 3:05:30 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2812020
By: Sonia Castro
Filed: 10/13/2014 3:05:30 PM

## CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | HARRIS COUNTY, T E X A S |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II AND | § | |
| VICTORIA MADELINE HARRISON | § | |
| CHILDREN | § | 311TH JUDICIAL DISTRICT |

## MOTION FOR ENFORCEMENT AND ORDER TO APPEAR

COMES NOW, **CLIFFORD LAYNE HARRISON**, Movant in the above entitled and numbered cause and files this Motion for Enforcement and Order to Appear.

1.     Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.     Movant, **CLIFFORD LAYNE HARRISON** is the father and joint managing conservator of the two children subjects of this suit.

The last three numbers of **CLIFFORD LAYNE HARRISON's** Texas driver's license number are 572. The last three numbers of **CLIFFORD LAYNE HARRISON's** Federal Social Security number are 717.

3.     The two children subjects of this suit are:

Name:     **JOHN ERNEST LEE HARRISON, II**
Sex:      Male
Birth date:     September 2, 2000

Name:     **VICTORIA MADELINE HARRISON**
Sex:      Female
Birth date:     July 27, 2004

4.     This Court has continuing, exclusive jurisdiction of this case as a result of prior proceedings.

5.     The parties entitled to notice are as follows:

TAB #4

Respondent, **CONNIE VASQUEZ HARRISON**, is the mother and joint managing conservator of the two minor children subjects of this suit.

Process should be served on Respondent at 9627 Judalon Lane, Houston, Texas 77063, or wherever she may be found.

6. On September 3, 2014 in Cause No. 2006-68864, styled *"In the Matter of the Marriage of Clifford Layne Harrison and Connie Vasquez Harrison,"* In the 311th District Court of Harris County, this Court signed ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY ORDERS ON PARENT-CHILD ISSUES, (a copy is attached hereto as Exhibit A and is incorporated by referenced as if fully set forth herein) that states in relevant part as follows:

"IT IS ORDERED that **CONNIE VASQUEZ HARRISON shall not have any periods of possession and/or access to the children until further order of the Court or by written agreement of the parties and attorneys."**

7. *Violations*

Respondent has failed to comply with the orders described above as follows:

**Violation No. 1:** On September 15, 2014 **CONNIE VASQUEZ HARRISON** intentionally and knowingly appeared at the boy scout meeting wherein John Harrison was in attendance and spoke with both John Harrison and Victoria Harrison including taking Victoria Harrison into the women's restroom to have a private conversation with her;

**Violation No. 2:** On September 22, 2014, **CONNIE VAZQUEZ HARRISON** intentionally and knowingly appeared at the boy scout meeting wherein John Harrison was in attendance and spoke with John Harrison and gave John Harrison a letter to give to Victoria Harrison;

**Violation No. 3:** On or about October 8, 2014 **CONNIE VASQUEZ HARRISON** communicated with John Harrison in writing;

**Violation No. 4:** On or about October 10, 2014 **CONNIE VASQUEZ HARRISON** communicated with Victoria Harrison in writing;

In addition to the above violations, **CONNIE VASQUEZ HARRISON** has repeatedly contacted the children by phone and text.

8. Movant requests that Respondent be held in contempt, jailed, and fined for the violations alleged above.

9. Movant believes, based on Respondent's conduct, the repeated and ongoing

history of Respondent's conduct, and the history of the willful failure to comply with Court orders, that Respondent will continue to fail to comply with the orders of the Court. Therefore, Movant requests that Respondent be held in contempt, jailed, and fined for each failure to comply with the order of the Court from the date of this filing to the date of the hearing on this motion.

10. Movant requests that Respondent be confined in the county jail for ninety (120) days.

11. Movant has previously filed enforcement actions against **CONNIE VASQUEZ HARRISON** for similar conduct of denying periods of possession and access to the children and violations of multiple court orders. The two (2) prior actions were brought on or about _November 15, 2011_ and on _August 28, 2012_. Further, a third enforcement was set to be heard on _September 3, 2014_ at which time CONNIE VASQUEZ HARRISON failed to appear. That enforcement, together with **CLIFFORD LAYNE HARRISON's** _fourth_ request for enforcement, is set to be heard on October 16, 2014. This will be the _fifth_ enforcement action that has had to be filed due to **CONNIE VASQUEZ HARRISON's** failure to follow this Court's orders and the intentional, willful denial of access between Movant and the children.

12. Movant requests that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply.

13. It was necessary to secure the services of Patricia A. Wicoff and Amy R. Harris, licensed attorneys, and the law firm of Schlanger, _Silver, Barg & Paine, LLP_, to enforce and protect the rights of Clifford Layne Harrison and the children the subject of this suit. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the children's physical or emotional health or welfare. The attorney's fees and costs should be enforced by any means available for the enforcement of child support including contempt but not including income withholding. Movant requests postjudgment interest as allowed by law.

Movant prays that Respondent be held in contempt and punished as requested, that the Court clarify any part of its prior order found not to be specific enough to be enforced by contempt, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully submitted,

*Schlanger, Silver, Barg & Paine, LLP*

By: _____ /s/ Patricia A. Wicoff _____

        PATRICIA A. WICOFF
        State Bar No. 21422500
        AMY R. HARRIS
        State Bar No. 24041057
        Attorneys for Petitioner, Cliff Harrison
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:    (713)  735-8514
Facsimile:    (713)  351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF *P.1* |
| THE MARRIAGE OF | § | *CASO* |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | |
| | § | HARRIS COUNTY, T E X A S |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II AND | § | |
| VICTORIA MADELINE HARRISON | § | |
| CHILDREN | § | 311TH JUDICIAL DISTRICT |

## ORDER TO APPEAR

Respondent, **CONNIE VASQUEZ HARRISON**, is ORDERED to appear and respond to this Motion for Enforcement in the 311th Judicial District Court of Harris County, Texas at 1115 Congress Avenue, Houston, Texas 77002 on  11/13/14  at  9:00  _a.m._ The purpose of this hearing is to determine whether the relief requested in this motion should be granted.

It is further ordered that any authorized person eighteen years of age or older who is not a party to or interested in the outcome of this suit may serve any citation, notice, or process in this case.

SIGNED on  10/13/14 .

_____
JUDGE PRESIDING

820412.1                                                                                          Page 5 of 5

12/8/2014 4:45:58 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3416430
By: rochele Howard
Filed: 12/8/2014 4:45:58 PM

## CAUSE NO. 2006-68864

| | | |
|---|---|---|
| **IN THE MATTER OF** | § | **IN THE DISTRICT COURT OF** |
| **THE MARRIAGE OF** | § | |
| | § | |
| **CLIFFORD LAYNE HARRISON** | § | |
| **AND** | § | |
| **CONNIE VASQUEZ HARRISON** | § | **HARRIS COUNTY, T E X A S** |
| | § | |
| **AND IN THE INTEREST OF** | § | |
| **JOHN ERNEST LEE HARRISON, II AND** | § | |
| **VICTORIA MADELINE HARRISON** | § | |
| **CHILDREN** | § | **311TH JUDICIAL DISTRICT** |

### FIRST AMENDED MOTION FOR ENFORCEMENT OF POSSESION AND ACCESS
### AND ORDER TO APPEAR

COMES NOW, **CLIFFORD LAYNE HARRISON**, Movant in the above entitled and numbered cause and files this First Amended Motion for Enforcement of Possession and Access and Order to Appear.

1.      Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.      Movant, **CLIFFORD LAYNE HARRISON** is the father and temporary sole managing conservator of the two children subjects of this suit.

The last three numbers of **CLIFFORD LAYNE HARRISON's** Texas driver's license number are 572.  The last three numbers of **CLIFFORD LAYNE HARRISON's** Federal Social Security number are 717.

3.      The two children subjects of this suit are:

Name:        **JOHN ERNEST LEE HARRISON, II**
Sex:          Male
Birth date:   September 2, 2000

Name:        **VICTORIA MADELINE HARRISON**
Sex:          Female
Birth date:   July 27, 2004

4.      This Court has continuing, exclusive jurisdiction of this case as a result of prior proceedings.

---

**840266 V 1**

TAB #5

5.    The parties entitled to notice are as follows:

Respondent, **CONNIE VASQUEZ HARRISON**, is the mother and temporary possessory conservator of the two minor children subjects of this suit.

Respondent was administered the oath by the Court and **ORDERED** to re-appear on December 18, 2014 at 9:00 a.m., to respond to (Petitioner's) First Amended Motion for Enforcement of Possession or Access and Order to Appear, and notice of this amended enforcement action to Respondent shall be pursuant to Rule 21a of the Texas Rules of Civil Procedure, by and through her attorney of record, Sara Razavi Zand, 2118 Smith St., Houston, Texas 77002.

6.    Case History -

This divorce action was filed in 2006. After numerous continuances, resets, and Respondent's changes in counsel (approximately 9 at the time of trial), this case was tried to a jury beginning in March 2010 and ending in April 2010.

The Court signed a decree in June 2010.

Respondent appealed the final order in September 2010.

In December 2012, the 14th Court of Appeals reversed and remanded the case to the trial court for a new trial, with the exception that the 14th Court of Appeals affirmed the divorce between the parties as of June 2010.

Again, this case was preferentially set for trial a number of times in 2013 and into the beginning of 2014.

Pursuant to court order, the parties participated in mediation and signed a mediated settlement agreement in January 2014.

In April 2014, the Court signed an order to comport with the mediated settlement agreement.

7.    This matter has resulted in multiple orders and a mediated settlement agreement, therefore Movant lists the orders and the agreement affecting this Motion for Enforcement in chronological order:

a.    The "*Interim Agreed Order*" (April 10, 2014 - present)

On April 10, 2014 in Cause No. 2006-68864, styled "*In the Matter of the Marriage of Clifford Layne Harrison and Connie Vasquez Harrison*," In the 311th District Court of Harris County, this Court signed an Interim Agreed Order on Parent-Child Issues (a copy is attached

hereto as Exhibit A and is incorporated by referenced as if fully set forth herein) that states in relevant part as follows:

**Pages 6-7, 24**

*"Possession and Access*

1.    *Modified Possession Order*

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Modified Possession Order.  IT IS ORDERED that this Modified Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Modified Possession Order.  IT IS, THEREFORE, ORDERED:

(a)    Definitions

1.    In this Modified Possession Order "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2.    In this Modified Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b)    Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, IT IS ORDERED that the conservators shall have possession of the child under the specified terms set out in this Modified Possession Order.

(c)    Parents Who Reside 100 Miles or Less Apart

Except as otherwise expressly provided in this Modified Possession Order, when CLIFFORD LAYNE HARRISON resides 100 miles or less from the primary residence of the child, CLIFFORD LAYNE HARRISON shall have the right to possession of the child as follows:

1.    Weekends –

On weekends that occur during the regular school term, beginning at

the time the child's school is dismissed, on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after the weekend.

On weekends that do not occur during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2.    Weekend Possession Extended by a Holiday –

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by CLIFFORD LAYNE HARRISON begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months.

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by CLIFFORD LAYNE HARRISON ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

3.    Mondays - On Mondays following the 1st and 3rd Fridays of each month during the regular school term, beginning at the time the child's school is dismissed and ending at the time the child's school resumes on the following Tuesday.

4.    Thursdays - On Thursdays of each week during the regular school term, beginning at the time the child is dismissed from school and ending at the time the child is returned to school after that Thursday.

...

*Permanent Injunctions as to Persons*

The Court finds that, because of the conduct of CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON, a permanent injunction against

them should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately and shall be binding on CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON; on their agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON are permanently enjoined from:

...

2. Discussing this divorce litigation, or any issues surrounding this litigation with the parties' children; and"

b. The *"Additional Temporary Orders"* (May 30, 2014 - present)

On May 30, 2014 in Cause No. 2006-68864, styled *"In the Matter of the Marriage of Clifford Layne Harrison and Connie Vasquez Harrison,"* in the 311th District Court of Harris County, this Court signed Additional Temporary Orders (a copy is attached hereto as Exhibit B and is incorporated by referenced as if fully set forth herein) that states in relevant part as follows:

Pages 2

*"Order of the Court*

*The Court, having heard the evidence and argument of counsel, makes the following order:*

*IT IS ORDERED that CLIFFORD LAYNE HARRISON shall have the right to pursue enrolling the children into First Baptist Academy which pursuit shall be uninterrupted by CONNIE VASQUEZ HARRISON.*

*IT IS ORDERED that CONNIE VASQUEZ HARRISON is immediately enjoined from communicating in any manner with any teacher or other personnel at First Baptist Academy until further order of this Court.*

*IT IS ORDERED that in the event the children do not attend First Baptist Academy then, and in that event, the children shall attend the public schools to which CLIFFORD LAYNE HARRISON's residence is zoned, ie, Briargrove Elementary and Grady Middle School."*

Movant was the Petitioner and Respondent was the Respondent in the prior proceedings.

8. **Violations**

Respondent has failed to comply with the orders described above as follows:

Relating to the terms and provisions of the Interim Agreed Order -

**Violation No. 1:** On or about July 28, 2014, **CONNIE VASQUEZ HARRISON** willfully and intentionally violated the order of this Court wherein the parties are permanently enjoined from "**Discussing this divorce litigation, or any issues surrounding this litigation with the parties' children**" when she communicated with *JOHN ERNEST LEE HARRISON, II* regarding aspects of the litigation between the parties and specifically by providing to *JOHN ERNEST LEE HARRISON, II* copies of witness statements for the child to review, all as is reflected in the attached Exhibit C which is incorporated herein and is specifically set forth as follows:

*"Dear Dad*

*The reason that I have not called or texted is because of what happened last Sunday after I had left for camp when you came to the house. Because of what happened Victoria is traumatized and Mommy is very hurt and has had to go to the doctor many times. I have read witness statements and know what happened. I need more time to think about what happened before I go over there again and I don't want Victoria to go over there without me and noting like this can ever again you can never hurt mommy again.*

*From*
*John*

*July 28, 2014. (highlighting added)*

**Violation No. 2:** On August 15, 2014, at 6:00 p.m., **CLIFFORD LAYNE HARRISON** arrived at the residence of **CONNIE VASQUEZ HARRISON**, 9627 Judalon, Houston, Texas to pick up *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON*, for his weekend period of possession and was denied such right to pick up the children by **CONNIE VASQUEZ HARRISON**. **CONNIE VASQUEZ HARRISON** violated the order of the Court by intentionally and willfully failing to surrender the children **CLIFFORD LAYNE HARRISON** at the time and place he was entitled to possession, that being at 6:00 p.m. on August 15, 2014 at the residence of **CONNIE VASQUEZ HARRISON**.

**Violation No. 3:** On August 28, 2014, **CLIFFORD LAYNE HARRISON** arrived at Briargrove Elementary at 6145 San Felipe, Houston, Texas, at approximately 2:45 p.m., at the time the child's school is regularly dismissed, and was denied his designated period of possession and access with *VICTORIA MADELINE HARRISON* as a result of the willful and intentional violation of **CONNIE VASQUEZ HARRISON.** Thereafter, on August 28, 2014, **CLIFFORD LAYNE HARRISON** arrived at Grady Middle School, 5215 San Felipe, Houston, Texas, at approximately 3:30 p.m., at the time the child's school is regularly dismissed, and was denied his designated period of possession and access with *JOHN ERNEST LEE HARRISON, II* as a result of the willful and intentional violation of **CONNIE VASQUEZ HARRISON. CONNIE VASQUEZ HARRISON** willfully and intentionally violated the order of this Court by failing to surrender both children to **CLIFFORD LAYNE HARRISON** at the children's respective schools on August 28, 2014; thereby denying **CLIFFORD LAYNE HARRISON** the right to pick up the children from school and exercising his designated periods of possession and access with the children.

### Relating to the terms and provisions of the Additional Temporary Orders

**Violation No. 4:** **CONNIE VASQUEZ HARRISON** has intentionally and willfully failed to adhere to the court's order pertaining to the children's enrollment in school. On or about August 11, 2014, **CONNIE VASQUEZ HARRISON** intentionally and willfully violated the order of this Court by enrolling *JOHN ERNEST LEE HARRISON, II* in Spring Branch Middle School. This Court specifically ordered that *JOHN ERNEST LEE HARRISON, II* be enrolled in the school zoned for **CLIFFORD LAYNE HARRISON**'s residence, that being Grady Middle School within the Houston Independent School District. **CONNIE VASQUEZ HARRISON,** without the agreement, consent or knowledge of **CLIFFORD LAYNE HARRISON,** or further order of the Court enrolled *JOHN ERNEST LEE HARRISON, II* in Spring Branch Middle School, in the Spring Branch Independent School district, and not Grady Middle School, which is a violation of this Court's order.

9. **Criminal Contempt**

Movant requests that for each violation alleged above, Respondent be found and held in criminal contempt, confined in the county jail of Harris County, Texas for a period of 120 days for each separate violation, and that each period of confinement run concurrently.

Movant Request that for each violation alleged above, Respondent be found and held in criminal contempt, and fined a monetary penalty for each separate violation, not to exceed a total of $500.

10. Movant requests that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply.

11.     On repeated occasions, Respondent has failed to comply with the order of the Court by failing to surrender or return the children to **CLIFFORD LAYNE HARRISON**, or intentionally interfering with designated periods of possession and access with the children and **CLIFFORD LAYNE HARRISON** as ordered.

Specifically, Movant has previously filed enforcement actions against **CONNIE VASQUEZ HARRISON** for similar conduct of denying periods of possession and access to the children. The two (2) prior actions were brought on or about _November 15, 2011_ and on _August 28, 2012_. Further, a third enforcement is set to be heard on _September 3, 2014_. The filing of this enforcement action will be **CLIFFORD LAYNE HARRISON's** _fourth_ request for enforcement due to **CONNIE VASQUEZ HARRISON's** failure to follow this Court's orders and the intentional, willful denial of access between Movant and the children.

12.     It was necessary to secure the services of Patricia A. Wicoff and Amy R. Harris, licensed attorneys, and the law firm of Schlanger, _Silver, Barg & Paine, LLP_, to enforce and protect the rights of Clifford Layne Harrison and the children the subject of this suit. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the children's physical or emotional health or welfare. The attorney's fees and costs should be enforced by any means available for the enforcement of child support including contempt but not including income withholding. Movant requests postjudgment interest as allowed by law.

Movant prays that Respondent be held in criminal contempt and punished as requested, that the Court clarify any part of its prior order found not to be specific enough to be enforced by contempt, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully submitted,

_Schlanger, Silver, Barg & Paine, LLP_

By: _____

PATRICIA A. WICOFF
State Bar No. 21422500
AMY R. HARRIS
State Bar No. 24041057
Attorneys for Petitioner, Cliff Harrison
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:     (713)   735-8514
Facsimile:      (713)   351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with Rule 21a of the Texas Rules of Civil Procedure on December 8, 2014:

Ms. Sara Razavi Zand
**LAW OFFICE OF SARA RAZAVI RAND**          *via electronic mail*
2118 Smith St.
Houston, Texas 77002

Patricia A. Wicoff
Amy R. Harris
Attorneys for Petitioner

Chris Daniel
District Clerk

APR 1 0 2014

Time:
Harris County, Texas

By
Deputy

P.25

TeoK

CAUSE NO. 2006-68864

IN THE MATTER OF §        IN THE DISTRICT COURT OF
THE MARRIAGE OF §
§
CLIFFORD LAYNE HARRISON §
AND §
CONNIE VASQUEZ HARRISON §        HARRIS COUNTY, T E X A S
§
AND IN THE INTEREST OF §
JOHN ERNEST LEE HARRISON, II AND §
VICTORIA MADELINE HARRISON §
CHILDREN §       311TH JUDICIAL DISTRICT

*Interim*

## AGREED ORDER ON PARENT-CHILD ISSUES

On January 29, 2014, the parties entered into a Mediated Settlement Agreement resolving parent-child issues for final trial in this case. Although the agreement is effective beginning January 29, 2014, and shall be incorporated into the parties' final order following a final trial on the division of property, this agreement shall be enforceable on its own terms unless modified.

Therefore, this agreed order on parent-child issues is submitted to the Court for consideration and entry.

*Appearances*

Petitioner, CLIFFORD LAYNE HARRISON, did not appear in person but has agreed to the terms of this order as evidenced by Petitioner's signature and that of his attorneys, Patricia A. Wicoff and Amy R. Harris.

Respondent, CONNIE VASQUEZ HARRISON, did not appear in person but has agreed to the terms of this order as evidenced by Respondent's signature and that of her attorney, Christopher W. Martin.

The Amicus Attorney, Heather Hughes, did not appear but has agreed to the terms of this order as evidenced by her signature.

*Jurisdiction*

The Court, after examining the record and the agreement of the parties and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that the Court has jurisdiction of this case and of all the parties.

719239.1                                Page 1 of 25

EXHIBIT A

*Children*

The following orders are for the safety and welfare and in the best interest of the following children:

Name:       *JOHN ERNEST LEE HARRISON, II*
Sex:         Male
Birth date:   September 2, 2000
Home state:  Texas

Name:       *VICTORIA MADELINE HARRISON*
Sex:         Female
Birth date:   July 27, 2004
Home state:  Texas

*Conservatorship*

IT IS ORDERED that **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON** are appointed Joint Managing Conservators of *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON.*

### Rights of Parent Conservators at All Times

IT IS ORDERED that, at all times, **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON**, as parent joint managing conservators, shall each have the following rights:

1.    the right to receive information from any other conservator of the children concerning the health, education, and welfare of the children;

2.    the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the children;

3.    the right of access to medical, dental, psychological, and educational records of the children;

4.    the right to consult with a physician, dentist, or psychologist of the children;

5.    the right to consult with school officials concerning the children's welfare and educational status, including school activities;

6.    the right to attend school activities;

7.    the right to be designated on the children's records as a person to be notified in

case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the children; and

9. the right to manage the estates of the children to the extent the estates have been created by the parent or the parent's family.

## *Duty of Conservators to Provide Information*

IT IS ORDERED that, at all times, CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON, as parent joint managing conservators, shall each have the following duties:

1. the duty to inform the other conservator of the children in a timely manner of significant information concerning the health, education, and welfare of the children; and

2. the duty to inform the other conservator of the children if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the children begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.

## *Rights and Duties of Parent Conservators During Periods of Possession*

IT IS ORDERED that, during their periods of possession CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON, as parent joint managing conservators, shall each have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the children;

2. the duty to support the children, including providing the children with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to consent for the children to medical and dental care not involving an invasive procedure; and

4. the right to direct the moral and religious training of the children.

## Rights and Duties of *CONNIE VASQUEZ HARRISON*

IT IS ORDERED that CONNIE VASQUEZ HARRISON, as a parent joint managing conservator, shall have the following rights and duty:

1. the exclusive right to designate the primary residence of the children within Harris County, Texas;

2. the joint right, subject to the agreement of the other party, to consent to medical, dental, and surgical treatment involving invasive procedures;

IT IS ORDERED that Dr. Nicholas Lindsay shall remain the children's primary care pediatrician.

3. the joint right, subject to the agreement of the other party, to consent to psychiatric and psychological treatment of the children and in the event the parties cannot agree then the children's primary care pediatrician, Dr. Nicholas Lindsay, shall make the final decision;

4. the exclusive right to receive and give receipt for periodic payments for the support of the children and to hold or disburse these funds for the benefit of the children;

5. the joint right, subject to the agreement of the other party, to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

6. the joint right, subject to the agreement of the other party, to consent to marriage and to enlistment in the armed forces of the United States;

7. the exclusive right to make decisions concerning the children's education, subject to the following provision regarding Second Baptist School;

IT IS ORDERED that *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON* shall continue to attend Second Baptist School as long as CLIFFORD LAYNE HARRISON pays the annual tuition, including other required costs, for the children to attend.

8. except as provided by section 264.0111 of the Texas Family Code, the joint right, subject to the agreement of the other party, to the services and earnings of the children;

9. except when a guardian of the children's estates or a guardian or attorney ad litem has been appointed for the children, the joint right, subject to the agreement of the other party, to act as an agent of the children in relation to the children's estates if the children's action is required by a state, the United States, or a foreign government; and

## Rights and Duties of CLIFFORD LAYNE HARRISON

IT IS ORDERED that CLIFFORD LAYNE HARRISON, as a parent temporary joint managing conservator, shall have the following rights and duty:

1. the joint right, subject to the agreement of the other party, to consent to medical, dental, and surgical treatment involving invasive procedures;

IT IS ORDERED that Dr. Nicholas Lindsay shall remain the children's primary care pediatrician.

2. the joint right, subject to the agreement of the other party, to consent to psychiatric and psychological treatment of the children and in the event the parties cannot agree then the children's primary care pediatrician, Dr. Nicholas Lindsay, shall make the final decision;

3. the joint right, subject to the agreement of the other party, to represent the children in legal action and to make other decisions of substantial legal significance concerning the children;

4. the joint right, subject to the agreement of the other party, to consent to marriage and to enlistment in the armed forces of the United States;

5. except as provided by section 264.0111 of the Texas Family Code, the joint right, subject to the agreement of the other party, to the services and earnings of the children;

6. except when a guardian of the children's estates or a guardian or attorney ad litem has been appointed for the children, the joint right, subject to the agreement of the other party, to act as an agent of the children in relation to the children's estates if the children's action is required by a state, the United States, or a foreign government; and

The Court finds that, in accordance with section 153.001 of the Texas Family Code, it is the public policy of Texas to assure that children will have frequent and continuing contact with parents who have shown the ability to act in the best interest of the child, to provide a safe, stable, and nonviolent environment for the child, and to encourage parents to share in the rights and duties of raising their child after the parents have separated or dissolved their marriage. IT IS ORDERED that the primary residence of the children shall be Harris County, Texas, and the parties shall not remove the children from Harris County, Texas for the purpose of changing the primary residence of the children until modified by further order of the court of continuing jurisdiction or by written agreement signed by the parties and filed with the court.

IT IS FURTHER ORDERED that **CONNIE VASQUEZ HARRISON** shall have the exclusive right to designate the children's primary residence within Harris County, Texas.

IT IS FURTHER ORDERED that this geographic restriction on the residence of the children shall be lifted if **CLIFFORD LAYNE HARRISON** wishes to move outside of Harris County, Texas.

**_Possession and Access_**

1. _Modified Possession Order_

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Modified Possession Order. IT IS ORDERED that this Modified Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Modified Possession Order. IT IS, THEREFORE, ORDERED:

(a) Definitions

1. In this Modified Possession Order "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

2. In this Modified Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b) Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, IT IS ORDERED that the conservators shall have possession of the child under the specified terms set out in this Modified Possession Order.

(c) Parents Who Reside 100 Miles or Less Apart

Except as otherwise expressly provided in this Modified Possession Order, when **CLIFFORD LAYNE HARRISON** resides 100 miles or less from the primary residence of the child, **CLIFFORD LAYNE HARRISON** shall have the right to possession of the child as follows:

1. Weekends –

On weekends that occur during the regular school term, beginning at the

time the child's school is dismissed, on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after the weekend.

On weekends that do not occur during the regular school term, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2.    Weekend Possession Extended by a Holiday –

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by CLIFFORD LAYNE HARRISON begins on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Friday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months.

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by CLIFFORD LAYNE HARRISON ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

3.    Mondays - On Mondays following the 1st and 3rd Fridays of each month during the regular school term, beginning at the time the child's school is dismissed and ending at the time the child's school resumes on the following Tuesday.

4.    Thursdays - On Thursdays of each week during the regular school term, beginning at the time the child is dismissed from school and ending at the time the child is returned to school ~~the following morning.~~ *after that Thursday.*

5.    Spring Vacation in Even-Numbered Years - In even-numbered years, beginning at the time the child's school is dismissed for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

6.     Extended Summer Possession by CLIFFORD LAYNE HARRISON —

With Written Notice by April 1 - If CLIFFORD LAYNE HARRISON gives CONNIE VASQUEZ HARRISON written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, CLIFFORD LAYNE HARRISON shall have possession of the child for thirty days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6:00 p.m on each applicable day, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

Without Written Notice by April 1 - If CLIFFORD LAYNE HARRISON does not give CONNIE VASQUEZ HARRISON written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, CLIFFORD LAYNE HARRISON shall have possession of the child for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

Notwithstanding the Monday Thursday periods of possession during the regular school term and the weekend periods of possession ORDERED for CLIFFORD LAYNE HARRISON, it is expressly ORDERED that CONNIE VASQUEZ HARRISON shall have a superior right of possession of the child as follows:

1.     Spring Vacation in Odd-Numbered Years - In odd-numbered years, beginning at the time the child's school is dismissed for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

2.     Summer Weekend Possession by CONNIE VASQUEZ HARRISON - If CONNIE VASQUEZ HARRISON gives CLIFFORD LAYNE HARRISON written notice by April 15 of a year, CONNIE VASQUEZ HARRISON shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by CLIFFORD LAYNE HARRISON in that year, provided that CONNIE VASQUEZ HARRISON picks up the child from CLIFFORD LAYNE HARRISON and returns the child to that same place and that the weekend so designated does not interfere with Father's Day possession.

3.     Extended Summer Possession by CONNIE VASQUEZ HARRISON - If CONNIE VASQUEZ HARRISON gives CLIFFORD LAYNE HARRISON written notice by April 15 of a year or gives CLIFFORD LAYNE HARRISON fourteen days' written

notice on or after April 16 of a year, **CONNIE VASQUEZ HARRISON** may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by **CLIFFORD LAYNE HARRISON** shall not take place in that year, provided that the weekend so designated does not interfere with **CLIFFORD LAYNE HARRISON's** period or periods of extended summer possession or with Father's Day possession.

(d)     Parents Who Reside More Than 100 Miles Apart

Except as otherwise expressly provided in this Modified Possession Order, when **CLIFFORD LAYNE HARRISON** resides more than 100 miles from the residence of the child, **CLIFFORD LAYNE HARRISON** shall have the right to possession of the child as follows:

1.     Weekends - Unless **CLIFFORD LAYNE HARRISON** elects the alternative period of weekend possession described in the next paragraph, **CLIFFORD LAYNE HARRISON** shall have the right to possession of the child on weekends that occur during the regular school term, beginning at the time the child's school is dismissed, on the first, third, and fifth Friday of each month and ending at the time the child's school resumes after the weekend, and on weekends that do not occur during the regular school term, beginning at 6:00 p.m. on the first, third and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

Alternate Weekend Possession - In lieu of the weekend possession described in the foregoing paragraph, **CLIFFORD LAYNE HARRISON** shall have the right to possession of the child not more than one weekend per month of **CLIFFORD LAYNE HARRISON's** choice beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend. **CLIFFORD LAYNE HARRISON** may elect an option for this alternative period of weekend possession by giving written notice to **CONNIE VASQUEZ HARRISON** within ninety days after the parties begin to reside more than 100 miles apart. If **CLIFFORD LAYNE HARRISON** makes this election, **CLIFFORD LAYNE HARRISON** shall give **CONNIE VASQUEZ HARRISON** fourteen days' written or telephonic notice preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, the child's birthday, and Mother's Day possession below.

2.     Weekend Possession Extended by a Holiday –

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by **CLIFFORD LAYNE HARRISON** begins

on a student holiday or a teacher in-service day that falls on a Friday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday during the summer months when school is not in session, that weekend period of possession shall begin at the time the child's school is dismissed on the Thursday immediately preceding the student holiday or teacher in-service day and 6:00 p.m. on the Thursday immediately preceding the federal, state, or local holiday during the summer months

Except as otherwise expressly provided in this Modified Possession Order, if a weekend period of possession by CLIFFORD LAYNE HARRISON ends on or is immediately followed by a student holiday or a teacher in-service day that falls on a Monday during the regular school term, as determined by the school in which the child is enrolled, or a federal, state, or local holiday that falls on a Monday during the summer months when school is not in session, that weekend period of possession shall end at 6:00 p.m. on that Monday.

3. Spring Vacation in All Years - Every year, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

4. Extended Summer Possession by CLIFFORD LAYNE HARRISON –

With Written Notice by April 1 - If CLIFFORD LAYNE HARRISON gives CONNIE VASQUEZ HARRISON written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, CLIFFORD LAYNE HARRISON shall have possession of the child for forty-two days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6:00 p.m. on each applicable day, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

Without Written Notice by April 1 - If CLIFFORD LAYNE HARRISON does not give CONNIE VASQUEZ HARRISON written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, CLIFFORD LAYNE HARRISON shall have possession of the child for forty-two consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27 of that year.

Notwithstanding the weekend periods of possession ORDERED for CLIFFORD LAYNE HARRISON, it is expressly ORDERED that CONNIE VASQUEZ HARRISON shall have a superior right of possession of the child as follows:

1.      Summer Weekend Possession by **CONNIE VASQUEZ HARRISON** – If **CONNIE VASQUEZ HARRISON** gives **CLIFFORD LAYNE HARRISON** written notice by April 15 of a year, **CONNIE VASQUEZ HARRISON** shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of possession by **CLIFFORD LAYNE HARRISON** during **CLIFFORD LAYNE HARRISON's** extended summer possession in that year, provided that if a period of possession by **CLIFFORD LAYNE HARRISON** in that year exceeds thirty days, **CONNIE VASQUEZ HARRISON** may have possession of the child under the terms of this provision on any two nonconsecutive weekends during that period and provided that **CONNIE VASQUEZ HARRISON** picks up the child from **CLIFFORD LAYNE HARRISON** and returns the child to that same place and that the weekend so designated does not interfere with Father's Day possession.

2.      Extended Summer Possession by **CONNIE VASQUEZ HARRISON** – If **CONNIE VASQUEZ HARRISON** gives **CLIFFORD LAYNE HARRISON** written notice by April 15 of a year, **CONNIE VASQUEZ HARRISON** may designate twenty-one days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, during which **CLIFFORD LAYNE HARRISON** shall not have possession of the child, provided that the period or periods so designated do not interfere with **CLIFFORD LAYNE HARRISON's** period or periods of extended summer possession or with Father's Day possession. These periods of possession shall begin and end at 6:00 p.m. on each applicable day.

(e)      Holidays Unaffected by Distance

Notwithstanding the weekend and Thursday periods of possession of **CLIFFORD LAYNE HARRISON**, **CONNIE VASQUEZ HARRISON** and **CLIFFORD LAYNE HARRISON** shall have the right to possession of the child as follows:

1.      Christmas Holidays in Even-Numbered Years – In even-numbered years, **CONNIE VASQUEZ HARRISON** shall have the right to possession of the child beginning at the time the child's school is dismissed for the Christmas school vacation and ending at 9:00 p.m. on December 26, and **CLIFFORD LAYNE HARRISON** shall have the right to possession of the child beginning at 9:00 p.m. on December 26 and ending at the time school resumes after that Christmas school vacation.

2.      Christmas Holidays in Odd-Numbered Years – In odd-numbered years, **CLIFFORD LAYNE HARRISON** shall have the right to possession of the child

beginning at the time the child's school is dismissed for the Christmas school vacation and ending at 9:00 p.m. on December 26, and **CONNIE VASQUEZ HARRISON** shall have the right to possession of the child beginning at 9:00 p.m. on December 26 and ending at the time school resumes after that Christmas school vacation.

3. Thanksgiving in Even-Numbered Years - In even-numbered years, **CLIFFORD LAYNE HARRISON** shall have the right to possession of the child beginning at the time the child's school is dismissed for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

4. Thanksgiving in Odd-Numbered Years - In odd-numbered years, **CONNIE VASQUEZ HARRISON** shall have the right to possession of the child beginning at the time the child's school is dismissed for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

5. Child's Birthday - If a parent is not otherwise entitled under this Modified Possession Order to present possession of a child on the child's birthday, that parent shall have possession of the child and the child's minor siblings beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that that parent picks up the children from the other parent's residence and returns the children to that same place.

6. Father's Day - **CLIFFORD LAYNE HARRISON** shall have the right to possession of the child each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 8:00 a.m. on the Monday after Father's Day, provided that if **CLIFFORD LAYNE HARRISON** is not otherwise entitled under this Modified Possession Order to present possession of the child, he shall pick up the child from **CONNIE VASQUEZ HARRISON**'s residence and return the child to that same place.

7. Mother's Day - **CONNIE VASQUEZ HARRISON** shall have the right to possession of the child each year, beginning at the time the child's school is dismissed on the Friday preceding Mother's Day and ending at the time the child's school resumes after Mother's Day, provided that if **CONNIE VASQUEZ HARRISON** is not otherwise entitled under this Modified Possession Order to present possession of the child, she shall pick up the child from **CLIFFORD LAYNE HARRISON**'s residence and return the child to that same place.

(f) Undesignated Periods of Possession

**CONNIE VASQUEZ HARRISON** shall have the right of possession of the child at all other times not specifically designated in this Modified Possession Order for **CLIFFORD LAYNE HARRISON**.

(g)    General Terms and Conditions

Except as otherwise expressly provided in this Modified Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1.    Surrender of Child by CONNIE VASQUEZ HARRISON - CONNIE VASQUEZ HARRISON is ORDERED to surrender the child to CLIFFORD LAYNE HARRISON at the beginning of each period of CLIFFORD LAYNE HARRISON's possession at the residence of CONNIE VASQUEZ HARRISON or Second Baptist School when applicable.

If a period of possession by CLIFFORD LAYNE HARRISON begins at the time the child's school is dismissed, CONNIE VASQUEZ HARRISON is ORDERED to surrender the child to CLIFFORD LAYNE HARRISON at the beginning of each such period of possession at the school in which the child is enrolled. If the child is not in school, CLIFFORD LAYNE HARRISON shall pick up the child at the residence of CONNIE VASQUEZ HARRISON at 6:00 p.m., and CONNIE VASQUEZ HARRISON is ORDERED to surrender the child to CLIFFORD LAYNE HARRISON at the residence of CONNIE VASQUEZ HARRISON at 6:00 p.m. under these circumstances.

2.    Surrender of Child by CLIFFORD LAYNE HARRISON - CLIFFORD LAYNE HARRISON is ORDERED to surrender the child to CONNIE VASQUEZ HARRISON at the residence of CLIFFORD LAYNE HARRISON or Second Baptist School when applicable at the end of each period of possession.
                    CONNIE VASQUEZ

If a period of possession by CLIFFORD LAYNE HARRISON ends at the time the child's school resumes, CLIFFORD LAYNE HARRISON is ORDERED to surrender the child to CONNIE VASQUEZ HARRISON at the end of each such period of possession at the school in which the child is enrolled or, if the child is not in school, at the residence of CONNIE VASQUEZ HARRISON at 6:00 p.m.

3.    Return of Child by CLIFFORD LAYNE HARRISON - CLIFFORD LAYNE HARRISON is ORDERED to return the child to the residence of CONNIE VASQUEZ HARRISON or the school as designated in the possession order at the end of each period of possession. However, it is ORDERED that, if CLIFFORD LAYNE HARRISON moves outside of Harris County, Texas, CLIFFORD LAYNE HARRISON shall surrender the child to CONNIE VASQUEZ HARRISON at the residence of CONNIE VASQUEZ HARRISON at the end of each period of possession or at the children's school if the period of possession ends at the time school resumes.

4.    Return of Child by **CONNIE VASQUEZ HARRISON** - **CONNIE VASQUEZ HARRISON** is ORDERED to return the child to **CLIFFORD LAYNE HARRISON**, if **CLIFFORD LAYNE HARRISON** is entitled to possession of the child, at the end of each of **CONNIE VASQUEZ HARRISON's** exclusive periods of possession, at the place designated in this Modified Possession Order.

5.    Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession. *known to the child*

6.    Designation of Competent Adult - Each conservator may designate any competent adult to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned. *known to the child*

7.    Inability to Exercise Possession - Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8.    Written Notice - Written notice, including notice provided by electronic mail or facsimile, shall be deemed to have been timely made if received or, if applicable, postmarked before or at the time that notice is due.

9.    Notice to School and **CONNIE VASQUEZ HARRISON** - If **CLIFFORD LAYNE HARRISON's** time of possession of the child ends at the time school resumes and for any reason the child is not or will not be returned to school, **CLIFFORD LAYNE HARRISON** shall immediately notify the school and **CONNIE VASQUEZ HARRISON** that the child will not be or has not been returned to school.

This concludes the Modified Possession Order.

2.    *Duration*

The periods of possession ORDERED above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

### Child Support

IT IS ORDERED that **CLIFFORD LAYNE HARRISON** is obligated to pay and shall pay to **CONNIE VASQUEZ HARRISON** child support of Two Thousand One Hundred Thirty-Seven and 50/100 ($2,137.50), with the first payment being due and payable on February 1, 2014 and a like payment being due and payable on the 1st day of each month thereafter until the first

month following the date of the earliest occurrence of one of the events specified below:

1.    any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2.    any child marries;

3.    any child dies;

4.    the child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5.    any child's disabilities are otherwise removed for general purposes.

Thereafter, **CLIFFORD LAYNE HARRISON** is **ORDERED** to pay to **CONNIE VASQUEZ HARRISON** child support of One Thousand Seven Hundred Ten and No/100 Dollars ($1,710.00) per month, due and payable on the 1st day of the first month immediately following the date of the earliest occurrence of one of the events specified above for the child and a like sum of $1,710.00 due and payable on the 1st day of each month thereafter until the next occurrence of one of the events specified above for the child.

### Withholding from Earnings

**IT IS ORDERED** that any employer of **CLIFFORD LAYNE HARRISON** shall be **ORDERED** to withhold from earnings for child support from the disposable earnings of **CLIFFORD LAYNE HARRISON** for the support of *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON.*

**IT IS FURTHER ORDERED** that all amounts withheld from the disposable earnings of **CLIFFORD LAYNE HARRISON** by the employer and paid in accordance with the order to that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support **ORDERED** paid by this order through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100 percent of the amount **ORDERED** to be paid by this order, the balance due remains an obligation of **CLIFFORD LAYNE HARRISON,** and it is hereby **ORDERED** that **CLIFFORD LAYNE HARRISON** pay the balance due directly to the state disbursement unit specified below.

On this date the Court authorized the issuance of an Income Withholding for Support.

### Payment

**IT IS ORDERED** that all payments shall be made through the state disbursement unit at

Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to **CONNIE VASQUEZ HARRISON** for the support of the children. **IT IS ORDERED** that each party shall pay, when due, all fees charged to that party by the state disbursement unit and any other agency statutorily authorized to charge a fee.

### Change of Employment

**IT IS FURTHER ORDERED** that **CLIFFORD LAYNE HARRISON** shall notify this Court and **CONNIE VASQUEZ HARRISON** by U.S. certified mail, return receipt requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of **CLIFFORD LAYNE HARRISON** and the name and address of his current employer, whenever that information becomes available.

### Clerk's Duties

**IT IS ORDERED** that, on the request of a prosecuting attorney, the title IV-D agency, the friend of the Court, a domestic relations office, **CONNIE VASQUEZ HARRISON, CLIFFORD LAYNE HARRISON**, or an attorney representing **CONNIE VASQUEZ HARRISON** or **CLIFFORD LAYNE HARRISON**, the clerk of this Court shall cause a certified copy of the Income Withholding for Support to be delivered to any employer.

### Suspension of Withholding from Earnings

The Court finds that good cause exists that no order to withhold from earnings for child support should be delivered to any employer of **CLIFFORD LAYNE HARRISON** as long as no delinquency or other violation of this child support order occurs and as long as the Office of the Attorney General Child Support Division is not providing services to **CONNIE VASQUEZ HARRISON**. For the purpose of this provision, a delinquency has occurred if **CLIFFORD LAYNE HARRISON** has been in arrears for an amount due for more than thirty days or the amount of the arrearages equals or is greater than the amount due for a one-month period. If a delinquency or other violation occurs or if the Office of the Attorney General Child Support Division begins providing services to **CONNIE VASQUEZ HARRISON**, the clerk shall deliver the order to withhold earnings as provided above.

ACCORDINGLY, **IT IS ORDERED** that, as long as no delinquency or other violation of this child support order occurs and as long as the Office of the Attorney General Child Support Division is not providing services to **CONNIE VASQUEZ HARRISON**, all payments shall be made through the state disbursement unit and thereafter promptly remitted to **CONNIE VASQUEZ HARRISON** for the support of the children. If a delinquency or other violation occurs or if the Office of the Attorney General Child Support Division begins providing services to **CONNIE VASQUEZ HARRISON**, all payments shall be made in accordance with the order to withhold earnings as provided above.

**Other Child Related Provisions**

Tutoring Expenses –

The parties agree, and **IT IS THEREFORE ORDERED** that if tutoring is recommend for *JOHN ERNEST LEE HARRISON, II* and/or *VICTORIA MADELINE HARRISON* by the children's teacher, **CLIFFORD LAYNE HARRISON** shall be responsible for 100% of the costs associated with those tutoring expenses.

**Health Care**

1. **IT IS ORDERED** that **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON** shall each provide medical support for each child as set out in this order as additional child support for as long as the Court may order **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON** to provide support for the child under sections 154.001 and 154.002 of the Texas Family Code. Beginning on the day **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON's** actual or potential obligation to support a child under sections 154.001 and 154.002 of the Family Code terminates, **IT IS ORDERED** that **CLIFFORD LAYNE HARRISON** and **CONNIE VASQUEZ HARRISON** are discharged from the obligations set forth in this medical support order with respect to that child, except for any failure by a parent to fully comply with those obligations before that date.

2. Definitions –

"Health Insurance" means insurance coverage that provides basic health-care and dental services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services, that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under chapter 32 of the Texas Human Resources Code.

"Reasonable cost" means the total cost of health insurance coverage for all children for which **CLIFFORD LAYNE HARRISON** is responsible under a medical support order that does not exceed 9 percent of **CLIFFORD LAYNE HARRISON's** annual resources, as described by section 154.062(b) of the Texas Family Code.

"Reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of a child" include, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges. These reasonable and necessary health-care expenses do not include expenses for travel to and from the health-care provider or for nonprescription medication.

"Furnish" means:

a. to hand deliver the document by a person eighteen years of age or older either to the recipient or to a person who is eighteen years of age or older and permanently resides with the recipient;

b. to deliver the document to the recipient by certified mail, return receipt requested, to the recipient's last known mailing or residence address; or

c. to deliver the document to the recipient at the recipient's last known mailing or residence address using any person or entity whose principal business is that of a courier or deliverer of papers or documents either within or outside the United States.

3. Findings on Health Insurance Availability- Having considered the cost, accessibility, and quality of health insurance coverage available to the parties, the Court finds:

Health insurance is available or is in effect for the children through CLIFFORD LAYNE HARRISON's employment or membership in a union, trade association, or other organization at a reasonable cost.

IT IS FURTHER FOUND that the following orders regarding health-care coverage are in the best interest of the children.

4. Provision of Health-Care Coverage –

As additional child support, CLIFFORD LAYNE HARRISON is ORDERED to continue to maintain health insurance for each child who is the subject of this suit that covers basic health-care and dental care services, including usual physician services, office visits, hospitalization, laboratory, X-ray, and emergency services.

CLIFFORD LAYNE HARRISON is ORDERED to maintain such health insurance in full force and effect on each child who is the subject of this suit as long as child support is payable for that child. CLIFFORD LAYNE HARRISON is ORDERED to convert any group insurance to individual coverage or obtain other health insurance for each child within fifteen days of termination of his employment or other disqualification from the group insurance. CLIFFORD LAYNE HARRISON is ORDERED to exercise any conversion options or acquisition of new health insurance in such a manner that the resulting insurance equals or exceeds that in effect immediately before the change.

CLIFFORD LAYNE HARRISON is ORDERED to furnish CONNIE VASQUEZ HARRISON and the Office of the Attorney General Child Support Division a true and correct copy of the health insurance policy or certification and a schedule of benefits within 10 days of the signing of this order. CLIFFORD LAYNE HARRISON is ORDERED to furnish CONNIE VASQUEZ HARRISON the

insurance cards and any other forms necessary for use of the insurance within 10 days of the signing of this order. CLIFFORD LAYNE HARRISON is ORDERED to provide, within three days of receipt by him, to CONNIE VASQUEZ HARRISON any insurance checks, other payments, or explanations of benefits relating to any medical expenses for the children that CONNIE VASQUEZ HARRISON paid or incurred.

Pursuant to section 1504.051 of the Texas Insurance Code, IT IS ORDERED that if CLIFFORD LAYNE HARRISON is eligible for dependent health coverage but fails to apply to obtain coverage for the children, the insurer shall enroll the children on application of CONNIE VASQUEZ HARRISON or others as authorized by law.

Pursuant to section 154.183(c) of the Texas Family Code, the reasonable and necessary health-care expenses of the children that are not reimbursed by health insurance are allocated as follows: CONNIE VASQUEZ HARRISON is ORDERED to pay thirty (30%) percent and CLIFFORD LAYNE HARRISON is ORDERED to pay seventy (70%) percent of the unreimbursed health-care expenses if, at the time the expenses are incurred, CLIFFORD LAYNE HARRISON is providing health insurance as ORDERED.

The party who incurs a health-care expense on behalf of a child is ORDERED to submit to the other party all forms, receipts, bills, statements, and explanations of benefits reflecting the uninsured portion of the health-care expenses within thirty days after he or she receives them. The nonincurring party is ORDERED to pay his or her percentage of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the incurring party for any advance payment exceeding the incurring party's percentage of the uninsured portion of the health-care expenses within thirty days after the nonincurring party receives the forms, receipts, bills, statements, and explanations of benefits.

These provisions apply to all unreimbursed health-care expenses of any child who is the subject of this suit that are incurred while child support is payable for that child.

5.    Secondary Coverage - IT IS ORDERED that if a party provides secondary health insurance coverage for the children, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the children and to ensure that the party who pays for health-care expenses for the children is reimbursed for the payment from both carriers to the fullest extent possible.

6.    Compliance with Insurance Company Requirements - Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the children in order to assure the maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to any carrier, second opinions, and the like. Each party is ORDERED to use "preferred providers," or services within the health maintenance organization, if applicable. Disallowance of the bill by a health insurer shall not excuse the

obligation of either party to make payment. Excepting emergency health-care expenses incurred on behalf of the children, if a party incurs health-care expenses for the children using "out-of-network" health-care providers or services, or fails to follow the health insurance company procedures or requirements, that party shall pay all such health-care expenses incurred absent (1) written agreement of the parties allocating such health-care expenses or (2) further order of the Court.

7. Claims - Except as provided in this paragraph, the party who is not carrying the health insurance policy covering the children is **ORDERED** to furnish to the party carrying the policy, within fifteen days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the children. In accordance with section 1204.251 and 1504.055(a) of the Texas Insurance Code, IT **IS ORDERED** that the party who is not carrying the health insurance policy covering the children, at that party's option, may file any claims for health-care expenses directly with the insurance carrier with and from whom coverage is provided for the benefit of the children and receive payments directly from the insurance company. Further, for the sole purpose of section 1204.251 of the Texas Insurance Code, **CONNIE VASQUEZ HARRISON** is designated the managing conservator or possessory conservator of the children.

The party who is carrying the health insurance policy covering the children is **ORDERED** to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of a child to the insurance carrier within fifteen days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

8. Constructive Trust for Payments Received - IT **IS ORDERED** that any insurance payments received by a party from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of a child shall belong to the party who paid those expenses. IT **IS FURTHER ORDERED** that the party receiving the insurance payments is designated a constructive trustee to receive any insurance checks or payments for health-care expenses paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits received, to the other party within three days of receiving them.

9. WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE OR TO PAY THE OTHER PARENT ADDITIONAL CHILD SUPPORT FOR THE COST OF HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILDREN, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED, AND FOR THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILDREN.

*Miscellaneous Child Support Provisions*

### No Credit for Informal Payments

IT IS ORDERED that the child support as prescribed in this decree shall be exclusively discharged in the manner ordered and that any direct payments made by CLIFFORD LAYNE HARRISON to CONNIE VASQUEZ HARRISON or any expenditures incurred by CLIFFORD LAYNE HARRISON during CLIFFORD LAYNE HARRISON's periods of possession of or access to the children, as prescribed in this decree, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this decree.

### Support as Obligation of Estate

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of CLIFFORD LAYNE HARRISON and shall not terminate on the death of CLIFFORD LAYNE HARRISON. Payments received for the benefit of the children, including payments from the Social Security Administration, Department of Veterans Affairs or other governmental agency or life insurance proceeds, annuity payments, trust distributions, or retirement survivor benefits, shall be a credit against this obligation. Any remaining balance of the child support is an obligation of CLIFFORD LAYNE HARRISON 's estate.

### Termination of Orders on Remarriage of Parties but Not on Death of Obligee

The provisions of this decree relating to current child support terminate on the remarriage of CLIFFORD LAYNE HARRISON to CONNIE VASQUEZ HARRISON unless a nonparent or agency has been appointed conservator of the children under chapter 153 of the Texas Family Code. An obligation to pay child support under this decree does not terminate on the death of CONNIE VASQUEZ HARRISON but continues as an obligation to *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON.*

## Medical Notification

Each party is ORDERED to inform the other party within eight (8) hours of any medical condition of the children requiring surgical intervention, hospitalization, or both.

Within 10 days after the Court signs this final order, each party is ORDERED to execute –

1.      all necessary releases pursuant to the Health Insurance Portability and Accountability Act (HIPAA) and 45 C.F.R. section 164.508 to permit the other conservator to obtain health-care information regarding the children; and

2.      for all health-care providers of the children, an authorization for disclosure of protected health information to the other conservator pursuant to the HIPAA and 45 C.F.R. section 164.508.

Each party is further **ORDERED** to designate the other conservator as a person to whom protected health information regarding the children may be disclosed whenever the party executes an authorization for disclosure of protected health information pursuant to the HIPAA and 45 C.F.R. section 164.508.

**Information Regarding Parties**

The information required for each party by section 105.006(a) of the Texas Family Code is as follows:

**Name: CLIFFORD LAYNE HARRISON**

| | |
|---|---|
| Social Security number: | xxxx-xx-5717 |
| TX Driver's license number: | xxxxx572 |
| Current residence address: | 5364 Cedar Creek, Houston, Texas |
| Mailing address: | 1415 Louisiana, Suite 3700, Houston, Texas 77002 |
| Home telephone number: | 281-782-9169 |
| Name of employer: | Harrison, Bettis & Staff, LLP |
| Address of employment: | 1415 Louisiana, Suite 3700, Houston, Texas 77002 |
| Work telephone number: | 713-843-7900 |

**Name: CONNIE VASQUEZ HARRISON**

| | |
|---|---|
| Social Security number: | xxxx-xx-4374 |
| TX Driver's license number: | xxxxx686 |
| Current residence address: | 5773 Woodway Dr., Ste. 156, Houston, Texas 77057 |
| Mailing address: | 5773 Woodway Dr., Ste. 156, Houston, Texas 77057 |
| Home telephone number: | 713-960-1737 |
| Name of employer: | N/A |
| Address of employment: | N/A |
| Work telephone number: | N/A |

<u>EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.</u>

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of this Court or by registered or certified mail addressed to the clerk at 201 Caroline, Houston, Texas 77002. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

*Permanent Injunctions as to Persons*

The Court finds that, because of the conduct of CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON, a permanent injunction against them should be granted as appropriate relief because there is no adequate remedy at law.

The permanent injunction granted below shall be effective immediately and shall be binding on CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON; on their agents, servants, employees, and attorneys; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise.

IT IS ORDERED AND DECREED that CLIFFORD LAYNE HARRISON and CONNIE VASQUEZ HARRISON are permanently enjoined from:

1.      Making disparaging remarks about the other party or the other party's family within the presence of the children;

2.      Discussing this divorce litigation, or any issues surrounding this litigation with the parties' children; and

3.      Sleeping with the children while the children are in that party's possession except when either party it traveling with the children.

*Amicus Attorneys Fees*

The parties agree and IT IS THEREFORE ORDERED that CLIFFORD LAYNE HARRISON shall be responsible for 100% of the remaining outstanding attorneys fees owed to the Amicus Attorney, Heather Hughes.

*Date of Judgment*

SIGNED on _____ *April 10* _____ ,2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

Schlanger, Silver, Borg & Paine, LLP

By: _____
        Patricia A. Wicoff
        State Bar No. 21422500
        Amy R. Harris
        State Bar No. 24041057
        Attorneys for Petitioner
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:      (713) 735-8514
Facsimile:      (713) 351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

Martin, Dislere, Jefferson & Wisdom

By: _____
        Christopher W. Martin
        State Bar No.
        Attorney for Respondent
808 Travis St., 20th Floor
Houston, Texas 77002
Telephone:      (713) 632-1700
Facsimile:      (713) 222-0101
martin@mdjwlaw.com

Law Office of Heather M. Hughes

By: _____
        Heather M. Hughes
        State Bar No. 00796794
        Amicus Attorney
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone:      (713) 463-5505
Facsimile:      (713) 463-5213
hhughes@hmhugheslaw.com

APPROVED AS TO FORM ONLY:

Schlanger, Silver, Barg & Paine, LLP

By: _____
      Patricia A. Wicoff
      State Bar No. 21422500
      Amy R. Harris
      State Bar No. 24041057
      Attorneys for Petitioner
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:    (713) 735-8514
Facsimile:     (713) 351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

Martin, Disiere, Jefferson & Wisdom

By: _____
      Christopher W. Martin
      State Bar No. 13057620
      Attorney for Respondent
808 Travis St., 20th Floor
Houston, Texas 77002
Telephone:    (713) 632-1700
Facsimile:     (713) 222-0101
martin@mdjwlaw.com

Law Office of Heather M. Hughes

By: _____
      Heather M. Hughes
      State Bar No. 00796794
      Amicus Attorney
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone:    (713) 463-5505
Facsimile:     (713) 463-5213
hhughes@hmhugheslaw.com

\* by permission

Certified Document Number: 61306832 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   August 19, 2014

Certified Document Number:        61306832 Total Pages: 3

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com

**FILED**
Chris Daniel
District Clerk

JUN - 2 2014

Time: _____
Harris County, Texas

By_____
Deputy

CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | HARRIS COUNTY, T E X A S |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II AND | § | |
| VICTORIA MADELINE HARRISON | § | |
| CHILDREN | § | 311TH JUDICIAL DISTRICT |

## ADDITIONAL TEMPORARY ORDERS

On the 27th and 30th days of May, 2014, the Court considered the Emergency Motion to Modify the Currently Controlling Order for the Minor Children Subjects of this Suit.

### Appearances

Petitioner, CLIFFORD LAYNE HARRISON, appeared in person and through attorney of record, Patricia A. Wicoff, and announced ready.

Respondent, CONNIE VASQUEZ HARRISON, appeared in person and through attorney of record, Christopher W. Martin, and announced ready.

Also appearing was Heather Hughes, appointed by the Court as amicus attorney to assist the Court in protecting the best interests of the children the subject of this suit.

### Jurisdiction

The Court, after examining the record, and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that this Court has jurisdiction of this case and of all the parties.

### Children

The following orders are for the safety and welfare and in the best interest of the parties two (2) children, as follows:

| | |
|---|---|
| Name: | JOHN ERNEST LEE HARRISON, II |
| Sex: | Male |
| Birth date: | September 2, 2000 |

763107.1        Page 1 of 3

**EXHIBIT B**

Certified Document Number: 61306832 - Page 1 of 3

Home state: Texas

Name: Victoria Madeline Harrison
Sex: Female
Birth date: July 27, 2004
Home state: Texas

### *Order of the Court*

The Court, having heard the evidence and argument of counsel, makes the following order:

~~IT IS ORDERED that, effective immediately, that CLIFFORD LAYNE HARRISON is given the exclusive right to make educational decisions on behalf of the minor children until further order of this Court.~~

IT IS ORDERED that CLIFFORD LAYNE HARRISON shall have the right to pursue enrolling the children into First Baptist Academy which pursuit shall be uninterrupted by CONNIE VASQUEZ HARRISON.

IT IS ORDERED that CONNIE VASQUEZ HARRISON is immediately enjoined from communicating in any manner with any teachers or other personnel at First Baptist Academy until further order of this Court.

IT IS ORDERED that in the event the children do not attend First Baptist Academy then, and in that event, the children shall attend the public schools to which CLIFFORD LAYNE HARRISON's residence is zoned, ie, Briargrove Elementary and Grady Middle School.

Signed this _30_ day of May, 2014.

Judge Tom Stansbury

Certified Document Number: 61306832 - Page 2 of 3

Dear Dad

   The reason that I have not called or texted is because of what happened last Sunday after I had left for camp when you came to the house. Because of what happened Victoria is traumatized and Mommy is very hurt and has had to go to the doctor many times. I have read witness statements and know what happened. I need more time to think about what happened before I go over there again and I don't want Victoria to go over there without me and nothing like this can ever again you can never hurt mommy again

July 28, 2014

From
John.

**EXHIBIT C**

CAUSE NO. 2006-68864

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | HARRIS COUNTY, T E X A S |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II AND | § | |
| VICTORIA MADELINE HARRISON | § | |
| CHILDREN | § | 311TH JUDICIAL DISTRICT |

## FIRST AMENDED MOTION FOR ENFORCEMENT AND ORDER TO APPEAR

COMES NOW, **CLIFFORD LAYNE HARRISON**, Movant in the above entitled and numbered cause and files this First Amended Motion for Enforcement and Order to Appear.

1.      Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.      Movant, **CLIFFORD LAYNE HARRISON** is the father and temporary sole managing conservator of the two children subjects of this suit.

The last three numbers of **CLIFFORD LAYNE HARRISON's** Texas driver's license number are 572.  The last three numbers of **CLIFFORD LAYNE HARRISON's** Federal Social Security number are 717.

3.      The two children subjects of this suit are:

Name:        **JOHN ERNEST LEE HARRISON, II**
Sex:         Male
Birth date:  September 2, 2000

Name:        **VICTORIA MADELINE HARRISON**
Sex:         Female
Birth date:  July 27, 2004

4.      This Court has continuing, exclusive jurisdiction of this case as a result of prior proceedings.

5.      The parties entitled to notice are as follows:

TAB #6

Respondent, **CONNIE VASQUEZ HARRISON**, is the mother and temporary possessory conservator of the two minor children subjects of this suit.

Respondent was administered the oath by the Court and **ORDERED** to re-appear on December 18, 2014 at 9:00 a.m., to respond to (Petitioner's) First Amended Motion for Enforcement, and notice of this amended enforcement action to Respondent shall be pursuant to Rule 21a of the Texas Rules of Civil Procedure, by and through her attorney of record, Sara Razavi Zand, 2118 Smith St., Houston, Texas 77002.

6.      On September 3, 2014 in Cause No. 2006-68864, styled *"In the Matter of the Marriage of Clifford Layne Harrison and Connie Vasquez Harrison,"* In the 311th District Court of Harris County, this Court signed ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY ORDERS ON PARENT-CHILD ISSUES, (a copy is attached hereto as Exhibit A and is incorporated by referenced as if fully set forth herein) that states in relevant part as follows:

**"IT IS ORDERED that CONNIE VASQUEZ HARRISON shall not have any periods of possession and/or access to the children until further order of the Court or by written agreement of the parties and attorneys."**

7.      *Violations*

Respondent has failed to comply with the orders described above as follows:

Violation No. 1:   On September 15, 2014, at approximately 7:00 p.m., **CONNIE VASQUEZ HARRISON** willfully and intentionally appeared at *JOHN ERNEST LEE HARRISON, II*'s regularly weekly scheduled boy scout meeting, located at Second Baptist School, 6410 Woodway, Houston, Texas 77057, wherein *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON* were both in attendance.   Thereafter, **CONNIE VASQUEZ HARRISON** violated the Court's order by willfully and intentionally accessing and communicating with both *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON*.   **CONNIE VASQUEZ HARRISON** further violated the order of the Court by willfully and intentionally removing *VICTORIA MADELINE HARRISON* from the common area of the meeting, away from the possession of **CLIFFORD LAYNE HARRISON**, and secreting *VICTORIA MADELINE HARRISON* in the women's restroom and commenced private communications.

Violation No. 2:   On September 22, 2014, at approximately 7:00 p.m., **CONNIE VASQUEZ HARRISON** willfully and intentionally appeared at *JOHN ERNEST LEE HARRISON, II*'s regularly weekly scheduled boy scout meeting, located at Second Baptist School, 6410 Woodway, Houston, Texas 77057, wherein *JOHN ERNEST LEE HARRISON, II* was in attendance.   Thereafter, **CONNIE VASQUEZ HARRISON** violated the Court's order by willfully and intentionally accessing and communicating with *JOHN ERNEST LEE HARRISON, II*.   **CONNIE VASQUEZ HARRISON** further violated the order of the Court by willfully and intentionally providing *JOHN ERNEST LEE HARRISON, II* with a written letter

to be delivered to *VICTORIA MADELINE HARRISON*;

**Violation No. 3:** Between the time period of September 22, 2014 and October 8, 2014, **CONNIE VASQUEZ HARRISON** willfully and intentionally accessed and communicated with *JOHN ERNEST LEE HARRISON, II* in writing; the letter, (a copy is attached hereto as Exhibit B and is incorporated by referenced as if fully set forth herein), states as follows:

"To John
From Mommy
Thank you Tate!

Hi Mi Amor,

Just a quick note to tell you how much I love you & miss your.

I am sooo sorry that Dad is keeping us a part. I really don't understand & I, of course, know that you dont understand either why dad would do this to us but we will survive. And we have to come out the stronger and not let these sad times conquer us.

I pray for your & Victoria several times a day. I pray for you to retain your strength in Jesus and in Our Holy Father.

I hope you are praying everyday. Thank you for taking care of Victoria she loves you so much. Please continue to show her lots of love and give outward protection to her, always protect her. Please do not leave her alone, please.

I hope you are going sailing on Sat. you would love it, but then think of VM being without you.

Im keeping busy with work, the house and all. Te Amo y to Adoro!!!

Mommy"

**Violation No. 4:** Between the time period of September 22, 2014 and October 10, 2014, **CONNIE VASQUEZ HARRISON** willfully and intentionally accessed and communicated with *VICTORIA MADELINE HARRISON* in writing; the letter , (a copy is attached hereto as Exhibit C and is incorporated by referenced as if fully set forth herein) states as follows:

"Hi Beautiful Queen Princess

Just a quick note to you to tell you I really miss my googlibear.

I am soooo sad ☹ that Daddy is keeping me & you apart BUT I promise that will change and you will be with Moma Bear soon.

I pray for you and John to remain strong in Our Holy Father while away. Do you feel Jesus' protection over you and HIS angels loving you as much as mommy loves you. Pray & talk to the Lord.

I am praying that school at Briargrove is a little better Oreo & Cookie really miss you and John a lot. Cookie just got a short hair cut and still jumps on Oreo all the time. They also miss Rascal a lot.

I think of you all the time. What you are reading, what t.v. shows you are watching, what healthy food you are eating -> Right.

I'm keeping busy with work, the house and the doggies. May you have a very blessed week. Remember Psalm 23 "The Lord is my shepherd...., you know the whole psalm you are so brilliant.

How much does Mommy love you. Te Amo

**Mommy"**

### Criminal Contempt

8.      Movant requests that for each violation alleged above, Respondent be found and held in criminal contempt, confined in the county jail of Harris County, Texas for a period of 120 days for each separate violation, and that each period of confinement run concurrently.

9.      Movant Request that for each violation alleged above, Respondent be found and held in criminal contempt, and fined a monetary penalty for each separate violation, not to exceed a total find of $500.

10.     Movant requests that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply.

11.     It was necessary to secure the services of Patricia A. Wicoff and Amy R. Harris, licensed attorneys, and the law firm of Schlanger, *Silver, Barg & Paine, LLP,* to enforce and protect the rights of Clifford Layne Harrison and the children the subject of this suit. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the children's physical or emotional

the enforcement of child support including contempt but not including income withholding. Movant requests postjudgment interest as allowed by law.

Movant prays that Respondent be held in criminal contempt and punished as requested, that the Court clarify any part of its prior order found not to be specific enough to be enforced by contempt, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully submitted,

**Schlanger, Silver, Barg & Paine, LLP**

By: _____

      PATRICIA A. WICOFF
      State Bar No. 21422500
      AMY R. HARRIS
      State Bar No. 24041057
      Attorneys for Petitioner, Cliff Harrison
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:   (713)  735-8514
Facsimile:   (713)  351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

### Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with Rule 21a of the Texas Rules of Civil Procedure on December 8, 2014:

Ms. Sara Razavi Zand
**LAW OFFICE OF SARA RAZAVI RAND**      *via electronic mail*
2118 Smith St.
Houston, Texas 77002

_____
Patricia A. Wicoff
Amy R. Harris
Attorneys for Petitioner

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | HARRIS COUNTY, T E X A S |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II AND | § | |
| VICTORIA MADELINE HARRISON | § | |
| CHILDREN | § | 311TH JUDICIAL DISTRICT |

**FILED**
Chris Daniel
District Clerk
SEP - 3 2014
Time:_____ Harris County, Texas
By_____ Deputy

### ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY ORDERS ON PARENT-CHILD ISSUES

On September 3, 2014, the Court heard Petitioner's Motion for Temporary Orders on Parent-Child Issues.

*Appearances*

Petitioner, **CLIFFORD LAYNE HARRISON**, did appear in person and through his attorneys of record, Patricia A. Wicoff and Amy R. Harris and announced ready.

Respondent, **CONNIE VASQUEZ HARRISON**, did not appear in person although duly served with notice and had previously been sworn in by this Court to reappear on this date. Respondent's attorney of record, Christopher W. Martin, did appear.

The Amicus Attorney, Heather Hughes, did appear in person and announced ready.

*Jurisdiction*

The Court, after examining the record and the agreement of the parties and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that the Court has jurisdiction of this case and of all the parties.

*Children*

The following orders are for the safety and welfare and in the best interest of the following children:

---

799999.1

**EXHIBIT A**

| Name: | JOHN ERNEST LEE HARRISON, II |
|---|---|
| Sex: | Male |
| Birth date: | September 2, 2000 |
| Home state: | Texas |

| Name: | VICTORIA MADELINE HARRISON |
|---|---|
| Sex: | Female |
| Birth date: | July 27, 2004 |
| Home state: | Texas |

### Conservatorship

IT IS ORDERED that **CONNIE VASQUEZ HARRISON** is immediately, instanter removed as a joint managing conservator of *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON*.

IT IS FURTHER ORDERED that **CLIFFORD LAYNE HARRISON** is immediately, instanter appointed the temporary sole managing conservator of *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON,* pursuant to Texas Family Code Sec. 153.132, and as further provided for in the attached Exhibit A.

IT IS ORDERED that **CLIFFORD LAYNE HARRISON** is to be listed on any and all school records for the children and **CLIFFORD LAYNE HARRISON** shall be the sole contact person for the children until further order of this Court.

### Possession and Access

IT IS ORDERED that **CLIFFORD LAYNE HARRISON** has the exclusive right to all periods of possession and access with the children.

IT IS FURTHER ORDERED that **CONNIE VASQUEZ HARRISON** shall not have any periods of possession and/or access to the children until further order of the Court or by written agreement of the parties and attorneys.

### Child Support

IT IS ORDERED that **CLIFFORD LAYNE HARRISON**'s obligation to pay child support to CONNIE VASQUEZ HARRISON for the benefit of the children is immediately terminated, effective on this the 3rd day of September, 2014.

*Temporary Injunction*

**IT IS ORDERED** that **CLIFFORD LAYNE HARRISON** is enjoined from:

1.    Allowing the children to remain within the presence of Heather Fitzsimmons, subject to the further recommendation of the AMICUS attorney or by further order of the Court.

*Additional AMICUS Provisions*

**IT IS ORDERED** that Heather M. Hughes, the Court appointed AMICUS attorney for the minor children shall have unlimited access to the children, *including but not limited to* meeting with the children at their respective schools, reviewing or obtaining the children's school records, the children's medical records, communicating with the children's teachers, therapists, counselors, doctors.

**IT IS FURTHER ORDERED** that the consent of either parent is NOT required to give any school where the children are enrolled in permission to speak with the AMICUS and the children, at school or to review or obtain the children's records.

*Date of Order*

SIGNED on _____ September 3rd ,2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

*Schlanger, Silver, Barg & Paine, LLP*

By:_____
         Patricia A. Wicoff
         State Bar No. 21422500
         Amy R. Harris
         State Bar No. 24041057
         Attorneys for Petitioner
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:     (713) 735-8514
Facsimile:     (713) 351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

*Martin, Disiere, Jefferson & Wisdom*

By:_____
         Christopher W. Martin
         State Bar No.
         Attorney for Respondent
808 Travis St., 20th Floor
Houston, Texas 77002
Telephone:     (713) 632-1700
Facsimile:     (713) 222-0101
martin@mdjwlaw.com

*Law Office of Heather M. Hughes*

By: _____

    Heather M. Hughes
    State Bar No. 00796794
    Amicus Attorney
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone:   (713) 463-5505
Facsimile:    (713) 463-5213
hhughes@hmhugheslaw.com

conviction the person would be required to register under that chapter.

(c) The notice required to be made under Subsection (b) must be made as soon as practicable but not later than the 40th day after the date the conservator of the child begins to reside with the person or the 10th day after the date the marriage occurs, as appropriate. The notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.

(d) A conservator commits an offense if the conservator fails to provide notice in the manner required by Subsections (b) and (c). An offense under this subsection is a Class C misdemeanor.

Added by Acts 1995, 74th Leg., ch. 751, Sec. 35, eff. Sept. 1, 1995. Amended by Acts 1999, 76th Leg., ch. 330, Sec. 1, eff. Sept. 1, 1999; Acts 2003, 78th Leg., ch. 1036, Sec. 8, eff. Sept. 1, 2003.

SUBCHAPTER C. PARENT APPOINTED AS SOLE OR JOINT MANAGING CONSERVATOR

Sec. 153.131. PRESUMPTION THAT PARENT TO BE APPOINTED MANAGING CONSERVATOR. (a) Subject to the prohibition in Section 153.004, unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

(b) It is a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child. A finding of a history of family violence involving the parents of a child removes the presumption under this subsection.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995. Amended by Acts 1995, 74th Leg., ch. 751, Sec. 32, eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 1193, Sec. 20, eff. Sept. 1, 1997.

Sec. 153.132. RIGHTS AND DUTIES OF PARENT APPOINTED SOLE MANAGING CONSERVATOR. Unless limited by court order, a parent

appointed as sole managing conservator of a child has the rights and duties provided by Subchapter B and the following exclusive rights:

(1)  the right to designate the primary residence of the child;

(2)  the right to consent to medical, dental, and surgical treatment involving invasive procedures;

(3)  the right to consent to psychiatric and psychological treatment;

(4)  the right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

(5)  the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

(6)  the right to consent to marriage and to enlistment in the armed forces of the United States;

(7)  the right to make decisions concerning the child's education;

(8)  the right to the services and earnings of the child; and

(9)  except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government.

by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 95. Amended Acts 1995, 74th Leg., ch. 751, Sec. 33, ef pt. 1, 1995;  Acts 2 78th Leg., ch. 1036, Sec. 9 Sept. 1, 2003. Amended by:
Acts 2005, 79th Le h. 916 (  260), Sec. 10, eff. June 18, 2005.

Sec. 153.133.  P ING PLAN FOR JOINT NG CONSERVATORSHIP.    If a written agreed parenting s filed with th cou he court shall render an order appointing parents as join aging conservators only if the parenting plan:
(1)  designates the conservator who has the exclusive right

To John
from Mommy

Hi Mi Amor,

Just a quick note to tell you how much I love you & miss you.

I am sooo sorry that Dad is keeping us a part. I really don't understand & I, of course, know that you don't understand either why Dad would do this to us but we will survive. And we have to come out the stronger and not let these sad times conquer us.

I pray for you & Victoria several times a day. I pray for you to retain your strength in Jesus and in Our Holy Father.

I hope you are praying everyday. Thank you for taking care of Victoria. She loves you so much. Please continue to show her lots of love and give outward protection to her, always protect her. Please do not leave her alone, please.

I hope you are going sailing on Sat. You would love it, but then I think of VM being without you.

I'm keeping busy with work, the house and all. Te Amo y te Adoro!!
                                                    —Mommy

Hi Beautiful Queen Princess
Just a quick note to you to tell you I really miss My googlibear.
I am so woo'd that Daddy is keeping me & you apart BUT I promise that will change and you will be with Mama Bear soon. I pray for you and John to remain strong in O in Holy Father while away. Do you feel Jesus' protection over you and all His Angels loving you as much as Mommy loves you. Pray & talk to the Lord.

EXHIBIT C

I am praying that school at Briargrove is a little better.

Oreo & Cookie really miss you and John a lot. Cookie got a short hair cut and still jumps on Oreo all the time. They also miss Rascal a lot.

I think of you all the time. What you are reading, what t.v. shows you are watching, what healthy food you are eating → Right

I'm keeping busy with my work the house and the doggies. May you have a very blessed week. Remem Psalm 23 "The Lord is My Shepherd...." You know the whole psalm you are so brilliant. How much does Mommy love you? Te Al Mom

**CAUSE NO. 2006-68864**

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE DISTRICT COURT OF |
| THE MARRIAGE OF | § | |
| | § | |
| CLIFFORD LAYNE HARRISON | § | |
| AND | § | |
| CONNIE VASQUEZ HARRISON | § | HARRIS COUNTY, T E X A S |
| | § | |
| AND IN THE INTEREST OF | § | |
| JOHN ERNEST LEE HARRISON, II AND | § | |
| VICTORIA MADELINE HARRISON | § | |
| CHILDREN | § | 311TH JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
SEP - 3 2014
Time: 12:07 pm
Harris County, Texas
By: Deputy

### ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY ORDERS ON PARENT-CHILD ISSUES

On September 3, 2014, the Court heard Petitioner's Motion for Temporary Orders on Parent-Child Issues.

#### Appearances

Petitioner, **CLIFFORD LAYNE HARRISON**, did appear in person and through his attorneys of record, Patricia A. Wicoff and Amy R. Harris and announced ready.

Respondent, **CONNIE VASQUEZ HARRISON**, did not appear in person although duly served with notice and had previously been sworn in by this Court to reappear on this date. Respondent's attorney of record, Christopher W. Martin, did appear.

The Amicus Attorney, Heather Hughes, did appear in person and announced ready.

#### Jurisdiction

The Court, after examining the record and the agreement of the parties and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that the Court has jurisdiction of this case and of all the parties.

#### Children

The following orders are for the safety and welfare and in the best interest of the following children:

TAB #7

| Name: | *JOHN ERNEST LEE HARRISON, II* |
|---|---|
| Sex: | Male |
| Birth date: | September 2, 2000 |
| Home state: | Texas |

| Name: | *VICTORIA MADELINE HARRISON* |
|---|---|
| Sex: | Female |
| Birth date: | July 27, 2004 |
| Home state: | Texas |

### *Conservatorship*

**IT IS ORDERED** that **CONNIE VASQUEZ HARRISON** is immediately, instanter removed as a joint managing conservator of *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON*.

**IT IS FURTHER ORDERED** that **CLIFFORD LAYNE HARRISON** is immediately, instanter appointed the temporary sole managing conservator of *JOHN ERNEST LEE HARRISON, II* and *VICTORIA MADELINE HARRISON*, pursuant to Texas Family Code Sec. 153.132, and as further provided for in the attached Exhibit A.

**IT IS ORDERED** that **CLIFFORD LAYNE HARRISON** is to be listed on any and all school records for the children and **CLIFFORD LAYNE HARRISON** shall be the sole contact person for the children until further order of this Court.

### *Possession and Access*

**IT IS ORDERED** that **CLIFFORD LAYNE HARRISON** has the exclusive right to all periods of possession and access with the children.

**IT IS FURTHER ORDERED** that **CONNIE VASQUEZ HARRISON** shall not have any periods of possession and/or access to the children until further order of the Court or by written agreement of the parties and attorneys.

### *Child Support*

**IT IS ORDERED** that **CLIFFORD LAYNE HARRISON's** obligation to pay child support to CONNIE VASQUEZ HARRISON for the benefit of the children is immediately terminated, effective on this the 3rd day of September, 2014.

## Temporary Injunction

**IT IS ORDERED** that **CLIFFORD LAYNE HARRISON** is enjoined from:

1.  Allowing the children to remain within the presence of Heather Fitzsimmons, subject to the further recommendation of the AMICUS attorney or by further order of the Court.

### Additional AMICUS Provisions

**IT IS ORDERED** that Heather M. Hughes, the Court appointed AMICUS attorney for the minor children shall have unlimited access to the children, *including but not limited to* meeting with the children at their respective schools, reviewing or obtaining the children's school records, the children's medical records, communicating with the children's teachers, therapists, counselors, doctors.

**IT IS FURTHER ORDERED** that the consent of either parent is NOT required to give any school where the children are enrolled in permission to speak with the AMICUS and the children, at school or to review or obtain the children's records.

### Date of Order

SIGNED on _____September 3rd_____ ,2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

*Schlanger, Silver, Barg & Paine, LLP*

By: _____
     Patricia A. Wicoff
     State Bar No. 21422500
     Amy R. Harris
     State Bar No. 24041057
     Attorneys for Petitioner
109 North Post Oak Lane, Suite 300
Houston, Texas 77024
Telephone:      (713) 735-8514
Facsimile:      (713) 351-4514
pwicoff@ssbplaw.com (Non-service emails)
aharris@ssbplaw.com (Non-service emails)
famlawservice@ssbplaw.com (Email service only)

*Martin, Disiere, Jefferson & Wisdom*

By: _____
     Christopher W. Martin
     State Bar No.
     Attorney for Respondent
808 Travis St., 20th Floor
Houston, Texas 77002
Telephone:      (713) 632-1700
Facsimile:      (713) 222-0101
martin@mdjwlaw.com

799999.1

*Law Office of Heather M. Hughes*

By: _____

Heather M. Hughes
State Bar No. 00796794
Amicus Attorney
952 Echo Lane, Suite 475
Houston, Texas 77024
Telephone:     (713) 463-5505
Facsimile:     (713) 463-5213
hhughes@hmhugheslaw.com

conviction the person would be required to register under that chapter.

(c) The notice required to be made under Subsection (b) must be made as soon as practicable but not later than the 40th day after the date the conservator of the child begins to reside with the person or the 10th day after the date the marriage occurs, as appropriate. The notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.

(d) A conservator commits an offense if the conservator fails to provide notice in the manner required by Subsections (b) and (c). An offense under this subsection is a Class C misdemeanor.

Added by Acts 1995, 74th Leg., ch. 751, Sec. 7, eff. Sept. 1, 1995. Amended by Acts 1999, 76th Leg., ch. 330, Sec. 1, eff. Sept. 1, 1999; Acts 2003, 78th Leg., ch. 1036, Sec. 8, eff. Sept. 1, 2003.

SUBCHAPTER C. PARENT APPOINTED AS SOLE OR JOINT MANAGING CONSERVATOR

Sec. 153.131. PRESUMPTION THAT PARENT TO BE APPOINTED MANAGING CONSERVATOR. (a) Subject to the prohibition in Section 153.004, unless the court finds that appointment of the parent or parents would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional development, a parent shall be appointed sole managing conservator or both parents shall be appointed as joint managing conservators of the child.

(b) It is a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child. A finding of a history of family violence involving the parents of a child removes the presumption under this subsection.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995. Amended by Acts 1995, 74th Leg., ch. 751, Sec. 32, eff. Sept. 1, 1995; Acts 1997, 75th Leg., ch. 1193, Sec. 20, eff. Sept. 1, 1997.

Sec. 153.132. RIGHTS AND DUTIES OF PARENT APPOINTED SOLE MANAGING CONSERVATOR. Unless limited by court order, a parent

EXHIBIT A

appointed as sole managing conservator of a child has the rights and duties provided by Subchapter B and the following exclusive rights:

(1)   the right to designate the primary residence of the child;

(2)   the right to consent to medical, dental, and surgical treatment involving invasive procedures;

(3)   the right to consent to psychiatric and psychological treatment;

(4)   the right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

(5)   the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

(6)   the right to consent to marriage and to enlistment in the armed forces of the United States;

(7)   the right to make decisions concerning the child's education;

(8)   the right to the services and earnings of the child; and

(9)   except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government.

Added by Acts 1995, 74th Leg., ch. 20, Sec. 1, eff. April 20, 1995. Amended by Acts 1995, 74th Leg., ch. 751, Sec. 33, eff. Sept. 1, 1995;  Acts 2003, 78th Leg., ch. 1036, Sec. 9, eff. Sept. 1, 2003. Amended by:

Acts 2005, 79th Leg., Ch. 916 (H.B. 260), Sec. 10, eff. June 18, 2005.

Sec. 153.133.   PARENTING PLAN FOR JOINT MANAGING CONSERVATORSHIP.   (a)   If a written agreed parenting plan is filed with the court, the court shall render an order appointing the parents as joint managing conservators only if the parenting plan:

(1)   designates the conservator who has the exclusive right